[No. 20498.   In Bank. — March 15, 1889.]

# THE PEOPLE, RESPONDENT, *v.* CHARLES O. HILL, APPELLANT.

MANDAMUS — BILL OF EXCEPTIONS — WAIVER OF NOTICE. — When the evidence is conflicting as to whether a draught of a bill of exceptions in a criminal case was presented to the judge for settlement, and there is nothing in the record to show that the proposed bill was served upon the district attorney, or that notice of its presentation was given to him, or that any showing was made to the judge that the notice required by section 1171 of the Penal Code had been given or waived, but there is merely an *ex parte* affidavit that such notice was waived by the assistant district attorney, it does not appear that the judge improperly refused to settle the bill of exceptions, and *mandamus* will not lie to compel him to settle the same. The waiver of notice should be made of record, or by some writing, and not be left to the uncertainty of human memory.

APPLICATION for writ of mandate to Hon. D. J. Toohy, judge of the Superior Court of the city and county of San Francisco, to compel the settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

*Adair Welcker*, and *John D. Whaley*, for Applicant.

*D. J. Toohy*, Respondent, *in pro. per.*, cited *Sprague* v. *Fawcett*, 53 Cal. 408, and *Gallardo* v. *Atlantic and Pacific Tel. Co.*, 49 Cal. 510.

WORKS, J. — The appellant makes application for a *mandamus* to compel the judge of the court below, who has retired from office, to settle and sign a bill of exceptions in this case.

The motion for a new trial was denied, and judgment rendered March 3, 1888, and on the 12th of March fifteen days additional time was given within which to file the bill of exceptions. The affidavit of the attorney for the defendant shows that a draught of the bill was presented for settlement on the twenty-fourth day of March, but the judge who tried the case makes affidavit that it was

never presented to him for settlement, and the minutes of the court, which are made a part of his return to the alternative writ, is silent on the subject. There is nothing to show that the proposed bill of exceptions was ever served upon the district attorney, or that notice of the presentation of the same for settlement was given him. There is an affidavit by a former attorney of the defendant, that on the sixth day of March, the assistant district attorney, in open court, waived the two days' notice required, and the appellant then presented the proposed bill to the judge for settlement; but if any such action was taken in open court, it does not appear of record. The same attorney makes affidavit of the same waiver of notice, and presentation of the proposed bill of exceptions in open court on the twenty-fourth day of March, but the record discloses nothing of the kind, and as we have said, the judge denies that the proposed bill was ever presented to him for settlement.

There is nothing to show that any showing was made to the judge that the two days' notice required by section 1171 of the Penal Code was given, or that it had been waived, nor is it shown that the waiver claimed to have been made was ever brought to his attention before instituting this proceeding. Therefore, leaving out of consideration the conflicting evidence upon the question, whether the proposed bill was ever presented or not, it does not appear that the judge has improperly refused to settle the bill of exceptions. (*People v. Sprague*, 53 Cal. 422.) Beside, we are of the opinion that where the defendant, in a criminal case, relies upon a waiver of the notice required by the statute, such waiver should be made of record, or by some writing, and not be left to the uncertainty of human memory.

Writ denied.

PATERSON, J., MCFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.