[No. 10.    In Bank.—April 2, 1895.]

106  643
d122 211

W. W. VAN EMAN, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, W. R. DAINGERFIELD, JUDGE, RESPONDENT.

CRIMINAL LAW—BILL OF EXCEPTIONS—NOTICE OF SETTLEMENT—CONSTRUCTION OF CODE—WAIVER—MANDAMUS.—The code should be liberally construed in favor of the right of a defendant in a criminal case to have a bill of exceptions settled by the court; and where, after verbal notice to the district attorney and associate counsel for the prosecution, the settlement of the proposed bill of exceptions has been postponed by consent, such postponement constitutes a waiver of the service of two days' written notice of the settlement required to be served upon the district attorney by the provisions of section 1171 of the Penal Code, and, if the court refuses to settle the bill for want of such notice, a writ of mandate will issue commanding it to settle the bill of exceptions.

HEARING in the Supreme Court upon an alternative writ of mandate issued to the Superior Court of the City and County of San Francisco, W. R. Daingerfield, judge, commanding him to settle a bill of exceptions.

The facts are stated in the opinion of the court.

*Bruner & Bruner*, for Petitioner.

*Eugene N. Deuprey*, for Respondent.

GAROUTTE, J.—This is a motion upon previous notice for a peremptory mandate to W. R. Daingerfield, judge

of the superior court of San Francisco, commanding him to settle a bill of exceptions. The petitioner was convicted of a felony in the department of the superior court presided over by the respondent, and upon December 12th duly served and filed his notice of appeal from the judgment and order denying his motion for a new trial.

On January 11, 1895, and within due time, defendant's counsel presented to respondent, in open court, his proposed bill of exceptions. At that time respondent stated that such matters usually came up regularly on the last Saturday of each month, and he thereupon caused it to be placed upon the calendar for Saturday, the twenty-sixth day of January, for a hearing. Before handing the proposed bill of exceptions to respondent on January 11th counsel for petitioner verbally notified the district attorney that he was about to do so, and requested him to examine the draft as soon as possible in order to expedite its settlement. Being referred by the district attorney to special counsel for the people, Mr. Deuprey, he also gave him verbal notice that he was about to present the draft to respondent, and requested him to examine it and prepare his amendments as soon as possible, to which request Mr. Deuprey replied that he would. On Friday, January 25th, affiant called on said Deuprey at his office, and inquired of him, personally, if he would be ready on the following day to settle said proposed bill, to which said Deuprey replied that he would be ready at 11 o'clock A. M. next day. At 11 o'clock, on January 26th, affiant attended in court, and, upon said matter being called for settlement, a clerk from said Deuprey's office stated that Mr. Deuprey could not be present that day, and requested that the matter go over to a future day. It was then agreed by affiant and said clerk that said Deuprey should call at affiant's office on Monday, January 28th, at 1:30 P. M., to settle said bill, if possible, out of court. That on said last-named hour and day said clerk of Mr. Deuprey called at affiant's office and requested that the settlement of

said bill be continued to January 29th, at 10 o'clock
A. M., before said judge. On the matter coming on to be
heard at that time said Deuprey objected to the settle-
ment of said proposed bill of exceptions, upon the
ground that the two days' written notice required to be
served upon the district attorney by the provisions of
section 1171 of the Penal Code had not been given.
The court sustained the objection and refused to settle
the bill.

Section 1171 of the Penal Code marks out the proce-
dure to be followed in the preparation and settlement of
bills of exceptions in criminal cases; and, while this
statute should be liberally construed in the interest of a
defendant's right of appeal upon a bill of exceptions,
we do not think the exigencies of the present case even
demand a construction of the statute.

The object and purpose of service of notice upon the
district attorney is to give that official an opportunity
to prepare and offer his amendments to the bill at the
hearing. The facts summarized show that the hearing
was set for January 26th, and counsel for the people
had actual notice of it several days prior to that time.
He was directly informed of it by the judge, had the
proposed bill of exceptions in his possession, and was
engaged in the labor of preparing his amendments
thereto. He stated to defendant's counsel upon Janu-
ary 25th that he would be ready to proceed with the
settlement of the bill upon the following day. At that
time Mr. Deuprey's clerk appeared in court, and requested
a continuance, which was granted, and it was thereupon
agreed between said clerk and defendant's counsel that
Mr. Deuprey should call at the office of defendant's
counsel upon January 28th, and they should then at-
tempt to settle said bill without the assistance of the
court. At that time Mr. Deuprey, by his clerk, re-
quested a continuance until the following day at 10
A. M., before the judge, at which time the bill was re-
fused settlement. The defendant should seldom, if ever,
be deprived of his right of appeal upon a bill of excep-

tions, or otherwise, by any failure upon his part to comply with the technical requirements of the statute. The law should be liberally construed as to such matters in his favor, and in this case, upon the showing made, we think it may well be held that the conduct of counsel for the people was such as to constitute a waiver upon his part of the service upon him of the written notice of two days required by said section 1171.

For these reasons it is ordered that the writ issue as prayed for.

McFARLAND, J., VAN FLEET, J., HARRISON, J., TEMPLE, J., HENSHAW, J., and BEATTY, C. J., concurred.