[S. F. No. 1495.   In Bank.—October 1, 1898.]

JAMES D. PAGE, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

CRIMINAL LAW—SETTLEMENT OF BILL OF EXCEPTIONS—WRITTEN NOTICE REQUIRED.—Section 1171 of the Penal Code, in reference to the notice of settlement of a bill of exceptions in a criminal case, must be construed together with section 1010 of the Code of Civil Procedure, requiring that notices must be in writing, as parts of one statute, as required by section 4480 of the Political Code; and if only verbal notice of such settlement is given, the judge may refuse to settle the bill.

ID.—VERBAL NOTICE TO CLERK OF DISTRICT ATTORNEY—WAIVER.— The objection of the district attorney that no notice of the settlement was given is not overcome by proof that verbal notice thereof was given to his clerk, and cannot be deemed waived, where the proposed bill was not served upon the district attorney, and he did not know of its preparation or existence until after its presentation to the judge.

ID.—AUTHORITY OF CLERK NOT IMPLIED.—The clerk or other person in charge of the office of the attorney of the adverse party, upon whom the statute permits a written notice to be served, has no implied authority to waive the written notice, or to bind his principal by any agreement in reference to the case.

APPLICATION in the Supreme Court for a writ of mandate to the Superior Court of the city and county of San Francisco. William T. Wallace, Judge.

CXXII. CAL.—14

The facts are stated in the opinion of the court.

J. N. E. Wilson, for Petitioner.

A. P. Black, for Respondents.

HARRISON, J.—Application for a writ of mandate. The petitioner, having been convicted in the superior court of San Francisco of the crime of embezzlement, was on April 15, 1898, sentenced to imprisonment in the state prison for eight years, and on the 23d of April appealed from this judgment and an order denying him a new trial. April 25, 1898, his attorney presented to the judge, Hon. W. T. Wallace, one of the respondents herein, who had presided at the trial, a proposed bill of exceptions which he subsequently asked to have settled, and, the judge having refused to comply with his request, the petitioner has applied to this court for a writ of mandate commanding him to settle and sign said bill. In answer to the application the respondent avers as a reason for not having settled the bill, and why the writ should not issue, that the petitioner did not give to the district attorney the notice required by section 1171 of the Penal Code. It was shown by an affidavit of the clerk of the petitioner's attorney that on the twenty-third day of April, when he served the notice of appeal upon the district attorney, he gave a verbal notice to the clerk of the district attorney, who admitted service of the notice of appeal, that "upon the Monday following, to wit, April 25, 1898, he would, on behalf of the defendant, present the proposed bill of exceptions to the judge." It was also shown by the affidavit of the assistant district attorney, who had conducted the trial of the petitioner, that no notice was ever given to the district attorney, by or on behalf of the petitioner, that he would present the bill of exceptions for settlement, either on the 25th of April or at any other time, and that it was not known by him, or in the office of the district attorney, that a bill of exceptions would be presented or had been presented to the judge for settlement, until several days after the 25th of April, when he was informed of that fact by the judge, and that he then objected to its settlement upon the ground that no notice thereof had been given on behalf of the petitioner; and it is contended on behalf of the respondent that upon this showing the judge of

the superior court was not authorized to settle the bill, and that the application for the writ should be denied.

Section 1171 of the Penal Code declares: "When a party desires to have the exceptions taken at the trial settled in a bill of exceptions, the draft of a bill must be prepared by him and presented, upon notice of at least two days to the district attorney, to the judge for settlement, within ten days after judgment has been rendered against him, unless further time is granted by the judge or by a justice of the supreme court, or within that time the draft must be delivered to the clerk of the court for the judge." Section 1010 of the Code of Civil Procedure declares that "notices must be in writing," and section 4480 of the Political Code declares that "The provisions of the four codes must be construed as though all of such codes were parts of the same statute." Under these legislative declarations it must be held that the objection of the district attorney to the settlement of the bill of exceptions was well taken, and that the judge of the superior court was authorized to refuse to settle the bill. (*People v. Sprague*, 53 Cal. 422; *People v. Hill*, 78 Cal. 405. See, also, *Witter v. Andrews, ante*, p. 1.)

The case of *Van Eman v. Superior Court*, 106 Cal. 643, has no application to the facts of the present case. It was there held that the facts before the court showed a waiver by the people of any notice of the proposed settlement of the bill. The draft of the bill had been presented to the counsel for the people several days before the day proposed for its presentation to the judge for settlement, and while it was in his possession he was engaged in preparing amendments thereto, and at his request the hearing upon its settlement was continued several times. In the present case, however, the district attorney did not receive the proposed bill, or know of its preparation or existence, until several days after the day upon which it was presented to the judge. It is not claimed that the clerk of the district attorney to whom the verbal notice was given assumed to accept it as equivalent to a written notice, or that he had any special authority to bind his principal in this mode, and, although the statute authorizes the service of a written notice to be made upon an adverse party by leaving it with the clerk of the attorney at his office, or with a person having charge thereof (Code Civ. Proc.,

sec. 1011), such person has no implied authority to bind his principal by any agreement in reference to the case.

The application for the writ is denied.

Garoutte, J., Temple, J., Henshaw, J., and McFarland, J., concurred.