LIZARRIBAR *v.* ROSSY, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari.*

No. 93.—Resuelto en junio 8, 1912.

EXPOSICIÓN DEL CASO—ENMIENDAS—CORRECCIÓN DE ERRORES EN EL RÉCORD TA-
QUIGRÁFICO—CERTIORARI.—El recurso de *certiorari* no es el procedimiento
adecuado para conseguir que se dejen sin efecto las enmiendas ordenadas
por una corte de distrito en una exposición del caso, pues si el juez cometió
error al aprobar las enmiendas, el remedio para corregirlas se encuentra esta-
blecido en las secciones 218 219 del Código de Enjuiciamiento Civil y en la
sección 64 del reglamento de este tribunal, que aunque se refieren al caso en
que haya sido denegada la aprobación de un pliego de excepciones o de una
exposición del caso, tiene aplicación por analogía de razón al caso de que se
trata, sin perjuicio de cualquier otro recurso que la ley autorice.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Enrique Rincón.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En pleito seguido ante la Corte de Distrito de San Juan, Sección 2ª., por Simón de Lizarribar contra Benigno Luiña y otros sobre cobro de pesos y liquidación de cuentas, el demandante apelante presentó escrito de exposición del caso, para cuya aprobación fué señalado el día 13 de abril último y en ese día presentaron los demandados un pliego de enmiendas que fueron discutidas, habiendo retirado el demandado una de ellas y sostenido las demás con oposición del demandante. Alegó éste que el récord no contenía fielmente las declaraciones de sus testigos Simón de Lizarribar y José

Pousa Parés en ciertos particulares, por lo que interesó que la corte señalara día y hora para subsanar los errores en que había incurrido el taquígrafo, mediante la comparecencia y juramento de ambos testigos con respecto a dichos errores, los que servían de fundamento a las enmiendas sostenidas por los demandados, y eran de tal naturaleza que de prevalecer afectarían a la causa de acción del demandante.

La corte por resolución de 16 de abril citado declaró con lugar las enmiendas hechas por los demandados, y ordenó al demandante rehiciera el proyecto de exposición del caso.

En moción jurada del mismo mes de abril solicitó el demandante la reconsideración de la orden que aprobó las enmiendas y pidió se señalara día para la comparecencia de los testigos Lizarribar y Pousa Parés, a fin de que bajo juramento declararan si las frases de sus respectivos testimonios a que se refieren las enmiendas, fueron proferidas como aparecen en el escrito de exposición del caso o como figuran en el récord taquigráfico, el cual debía ser enmendado con arreglo a la verdad de los hechos.

La corte por orden de 15 de mayo próximo pasado, denegó dicha moción y la enmienda de los errores del récord, fundándose en que ninguna ley autoriza la rectificación de los récords taquigráficos equivocados, lo que causaría un grave trastorno en el procedimiento.

Los hechos que se dejan expuestos han sido alegados y jurados por la representación de Simón Lizarribar en solicitud de auto de *certiorari* presentada a esta Corte Suprema en 27 de dicho mes, para que revisando los antecedentes del caso que se pedirán a la Corte de Distrito de San Juan, deje sin efecto las órdenes de 16 de abril y 15 de mayo a que se ha hecho referencia, y ordene que el juez de dicha corte de distrito fije día para la comparecencia de los testigos Simón Lizarribar y José Pousa Parés a fin de que declaren bajo juramento si las frases de sus declaraciones consignadas en el récord taquigráfico, fueron vertidas tales como aparecen en dicho récord o si las frases que vertieron fueron las consig-

nadas en el escrito de la exposición del caso de la parte demandante.

Opinamos que el recurso de *certiorari* no es el apropiado a los fines que persigue el peticionario, pues éste no invoca error alguno de procedimiento cometido por la corte inferior, ni falta de jurisdicción en ella. Sólo se propone conseguir que se dejen sin efecto las enmiendas ordenadas por dicha corte al escrito de exposición del caso que aquél presentó para su aprobación, y con el propósito de justificar la improcedencia de tales enmiendas y para la rectificación del récord taquigráfico propuso la declaración bajo juramento de los testigos Lizarribar y Pousa Parés que la corte rechazó.

Si el juez cometió error al aprobar las enmiendas, sea cual fuere su fundamento, el remedio para corregirlo se encuentra establecido en los artículos 218 y 219 del Código de Enjuiciamiento Civil y en la sección 64 del Reglamento de esta corte, que aunque se refieren al caso en que haya sido denegada la aprobación de un pliego de excepciones o de una exposición del caso, deben tener aplicación igualmente por analogía de razón y en virtud del artículo 36 del Código citado, cuando se trate como en el presente caso de enmiendas de la exposición del caso ordenadas por la corte con oposición de la parte apelante, que no estima esas enmiendas ajustadas a la verdad de los hechos ocurridos en el juicio.

Teniendo el peticionario un remedio apropiado, rápido y eficaz para la defensa de su derecho, como el de que se deja hecho mérito, o cualquier otro que la ley le otorgue, a esos remedios ha debido acudir y no al recurso de *certiorari* que como de naturaleza privilegiada, solo cabe ordinariamente en aquellos casos en que no haya otro recurso ordinario, rápido y eficaz.

Procede denegar la expedición del auto de *certiorari*.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.