PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution for Conspiracy.

No. 1124.—Decided February 23, 1917.

STATEMENT OF CASE—BILL OF EXCEPTIONS—REFUSAL TO SETTLE—MANDAMUS.— An order refusing to settle a bill of exceptions and statement of the case because they were presented after the expiration of the time allowed by law, does not affect the substantial rights of the defendant and therefore cannot be appealed from under the provisions of subdivision 3 of section 347 of the Code of Criminal Procedure. The remedy is by mandamus to compel the trial judge to rule upon the main question and by petition to this court to approve the facts and exceptions as provided for by rule 64.

The facts are stated in the opinion.
*Mr. Cayetano Coll y Cuchí* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 29, 1916, judgment was rendered in a criminal action against Rafael Rivera Esbri and others in the District Court of Ponce for conspiracy and an appeal therefrom was taken by the defendants to this court on the same date.

On August 11, following, the defendants, by their attorney, Alfonso Lastra Charriez, moved for an extension of time of twenty days within which to prepare and file a state-

ment of the case and bill of exceptions, "said extension to
run from the expiration of the statutory period allowed the
defendants, or from the day on which stenographer Muniz
may deliver to the undersigned the record for the prepara-
tion of the said statement of the case and bill of exceptions."
The court granted the motion "as worded."

On August 24, 1916, a single paper entitled "Statement
of the Case and Exceptions" was filed in the office of the sec-
retary by Attorney Lastra Charriez, representing José de
Jesús Tizol, the attorney of record, and a copy thereof was
delivered to the district attorney. On the same day the court
set April 29 at 3 p. m. for a hearing on the settlement of the
said statement. On the preceding day Attorney Lastra Cha-
rriez, representing Tizol, moved for an extension of six days
from August 30 for the purpose of presenting amendments,
and the court made an order continuing the hearing to Sep-
tember 5, following, at 10 a. m. The amendments to the state-
ment of the case were presented and admitted by the court
on the said fifth day of September, and on that day, which
was the date set for the hearing on the settlement of the state-
ment of the case and bill of exceptions, the district attorney
moved the court to consider the same as not having been pre-
sented and as null and void, because the motion for an ex-
tension of time was made after the expiration of the ten
days prescribed by law for presenting the bill of exceptions
and statement of the case, and that therefore they were pre-
sented after the expiration of the time allowed by law for
that purpose.

After hearing and considering the foregoing motion the
court, on September 16, 1916, entered the following ruling:

"The court sustains the motion of The People of Porto Rico of
September 5, 1916, and consequently holds that the statement of the
case and bill of exceptions of the defendants for the purposes of
an appeal from the judgment of this District Court of Ponce were
not presented in accordance with the law, and therefore it is hereby
ordered that the said statement of the case and bill of exceptions

be considered as not filed and, for that reason, without force or effect; and it is further ordered that they be stricken from the records of this case.''

The grounds of the ruling transcribed are that a statement of the case in a criminal action should be prepared and filed in the office of the secretary within ten days after judgment is rendered, or within such extension of time as may be lawfully granted for the purpose; that an extension of time applied for and granted after the expiration of the ten days fixed by law for filing the statement of the case or bill of exceptions is void, and that although a district court has the power, authority and discretion to settle a bill of exceptions or statement of the case filed after the statutory period, it may do so only when it is shown that it was not filed because of unavoidable or excusable negligence, which showing is lacking in the present case.

The attorney for the defendants moved for a reconsideration of the said ruling and their motion was overruled by a decision of October 11, 1916.

The defendants appealed to this court from this decision and from that of September 16.

The *fiscal* of this court filed a motion for dismissal of the appeal on the ground that no appeal lies from said decisions.

Subdivision 3 of section 347 of the Code of Criminal Procedure provides that an appeal may be taken by the defendant from an order made after judgment affecting the substantial rights of the party.

An order refusing to settle a bill of exceptions or statement of the case does not affect the substantial rights of the defendant and therefore is not appealable. The remedy is by mandamus to compel the trial judge to act and by petitioning this court to approve the facts and exceptions, as provided for by rule 64.

This question was considered and decided in the case of *People* v. *Barquet et al.,* 18 P. R. R. 465, citing the jurispru-

dence laid down by the Supreme Court of California in *People v. Cox,* 76 Cal. 281, and *People v. Jackson,* 138 Cal. 32, and also referring to the case of *People v. Fernández,* 12 P. R. R. 36, decided by this court.

The oral contention of the appellants at the hearing, that the jurisprudence to which we have just referred is not applicable to the present case because the question involved is the discretion which the judge exercised against the defendants, does not favor them, and against that contention we may cite the decisions of the Supreme Court of California in *People v. Lee,* 14 Cal. 510, and *Van Eman v. Superior Court,* 106 Cal. 643, and *Dyer v. Rossy, District Judge,* 23 P. R. R. 718. In the last-mentioned case we said:

"The writ (of mandamus) may not be used to control judicial discretion, but judicial acts may be controlled when no discretion arises or when it is abused. In the latter case, the courts do not attempt to control the discretion. They correct the abuse. The fact that the court may have to determine whether a fact or state of facts exists for the exercise of a plain duty does not make the act to be performed a discretionary act. 26 Cyc. 161, note 10."

For the foregoing reasons the motion of the *fiscal* must be sustained and the appeal

*Dismissed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.