EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en procedimiento sobre aprobación de exposición del caso y pliego de excepciones en causa por delito de conspiración.

No. 1124.—Resuelto en febrero 23, 1917.

EXPOSICIÓN DEL CASO—PLIEGO DE EXCEPCIONES—DENEGATORIA DE APROBACIÓN—MANDAMUS—PETICIÓN A LA CORTE SUPREMA.—Una orden rehusando aprobar un pliego de excepciones y exposición del caso por haber sido presentado después de vencido el término legal que para ello concede la ley, no afecta los derechos sustanciales del acusado, y por tanto no es apelable dentro de las prescripciones del No. 3 del artículo 347 del Código de Enjuiciamiento Criminal. El remedio es por *mandamus* para compeler al juez sentenciador a resolver sobre la aprobación y por petición al Tribunal Supremo para probar los hechos y excepciones según el artículo 64 del reglamento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cayetano Coll Cuchí.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En causa criminal seguida ante la Corte de Distrito de Ponce contra Rafael Rivera Esbri y otros por delito de conspiración, recayó sentencia en 29 de julio de 1916, contra cuya sentencia interpusieron los acusados recurso de apelación para ante esta Corte Suprema en el mismo día 29 de julio.

En 11 de agosto siguiente presentaron los acusados por medio del abogado Alfonso Lastra Charriez una solicitud de prórroga de 20 días para la preparación y presentación del escrito de exposición del caso y pliego de excepciones, "contándose dicha prórroga desde el día en que venciera el plazo que por ministerio de la ley tienen los acusados, o bien a contar desde el día en que el taquígrafo, Sr. Muñiz, entregue al suscribiente los documentos para la preparación de dicha exposición del caso y pliego de excepciones"; y a esa solicitud proveyó la corte "como se pide."

Un solo pliego titulado "Pliego de exposición del caso y excepciones" fué presentado en secretaría por el abogado

Lastra Charriez en representación del de récord José de Jesús
Tizol, en 24 de agosto citado, dándosele copia de éste en igual
fecha al fiscal del distrito.   En el propio día el juez señaló
para la vista relativa a la aprobación de dicho pliego el 29
de agosto a las 3 de la tarde.   En el día anterior se presentó
una moción por el abogado Lastra Charriez en representa-
ción de Tizol, solicitando una prórroga de seis días contando
desde el 30 de agosto para introducir enmiendas, y la corte
dictó orden posponiendo la vista para el día 5 de septiembre
siguiente a las 10 de la mañana.   Las enmiendas a la exposi-
ción del caso fueron presentadas y admitidas por la corte en
5 de septiembre citado, y en ese mismo día que era el señalado
para la discusión y aprobación de la exposición del caso y
pliego de excepciones el fiscal presentó moción con súplica
de que se consideraran como no presentados y sin ningún va-
lor ni efecto legal por la razón de que la solicitud de prórroga
fué hecha después de vencidos los 10 días que marca la ley
para la presentacion del pliego de excepciones y exposición
del caso, y tal presentación, por tanto, se hizo cuando había
vencido el término legal que para ello concede la ley.

La corte, después de vista y considerada la anterior mo-
ción dictó en 16 de septiembre de 1916 la siguiente resolución;

"*Resolución.*—La corte declara con lugar la moción de El Pue-
blo de Puerto Rico de 5 de septiembre de 1916 y en su consecuen-
cia declara ilegal la presentación de la relación del caso y pliego de
excepciones presentados por los acusados a los efectos de la apela-
ción interpuesta contra la sentencia de esta Corte de Distrito de
Ponce; y consiguientemente por la presente ordena y decreta que
dicha relación del caso y pliego de excepciones sean considerados
como no presentados y por lo mismo sin ningún valor ni efecto;
decretándose y ordenándose, además, su eliminación del récord de este
caso."

Fúndase la resolución transcrita en que una exposición
del caso en causas criminales debe prepararse y radicarse
en secretaría dentro de los 10 días subsiguientes al de dic-
tarse la sentencia o dentro de la prórroga legalmente conce-

dida para ello; en que una prórroga solicitada y concedida después de haber expirado el término de diez días fijado por la ley para presentar la exposición del caso o pliego de excepciones es nula, y en que si bien una corte de distrito tiene poder, autoridad y discreción para aprobar un pliego de excepciones o exposición del caso presentados fuera de tiempo, ello es cuando se demuestra que no han sido presentados por negligencia inevitable o excusable, lo cual no ha sucedido en el presente caso.

La representación de los acusados pidió reconsideración de la anterior resolución y la corte la declaró sin lugar por resolución de 11 de octubre de 1916.

Contra ambas resoluciones de 16 de septiembre y 11 de octubre interpusieron los acusados recurso de apelación para ante esta Corte Suprema.

El Fiscal de esta Corte Suprema ha presentado moción para que se desestime el recurso fundándose en que dichas resoluciones no son apelables.

El artículo 347 del Código de Enjuiciamiento Criminal prescribe en su número 3.º que el acusado puede apelar de una providencia dictada después del fallo, que afecte los derechos sustanciales de la parte.

Una orden rehusando aprobar un pliego de excepciones o de exposición del caso no afecta los derechos sustanciales del acusado, y, por tanto, no es apelable. El remedio es por *mandamus* para compeler al juez sentenciador a resolver sobre la aprobación, y por petición a esta Corte Suprema para probar los hechos y excepciones, según el artículo 64 del Reglamento.

Esta materia fué tratada y resuelta en el caso de *El Pueblo v. Barquet et al,* 18 D. P. R. 478, invocando la jurisprudencia establecida por la Corte Suprema de California en los casos de *People v. Cox,* 76 Cal. 281 y *People v. Jackson,* 138 Cal. 32, y refiriéndonos también a otro caso de *El Pueblo v. Fernández,* 12 D. P. R. 36.

La alegación oralmente hecha por la parte apelante en el

acto de la vista sobre no ser aplicable al presente caso la juris-
prudencia a que acabamos de hacer referencia por tratarse
de discreción judicial que el juez ejerció en contra de los
acusados, no les favorece, y contra ella podemos citar las
resoluciones de la Corte Suprema de California en los casos
de *People* v. *Lee,* 14 Cal. 510 y *Van Eman* v. *Superior Court,*
106 Cal. 643, y el de *Dyer* v. *Rossy, Juez de Distrito,* 23 D.
P. R. 772.   Al resolver el último caso dijimos: "El auto de
*mandamus* no debe ser usado para regular la discreción
judicial, pero los actos judiciales pueden ser regulados cuan-
do no surge ninguna discreción o se abusa de la misma.   En
este último caso las cortes no pretenden regular la discreción.
Ellas corrigen el abuso.   El hecho de que tenga la corte que
determinar si un hecho o condición de hechos existe para el
ejercicio de un claro deber no convierte el acto que ha de eje-
cutarse en un acto discrecional.   26 Cyc. 161, nota 10."

Por las razones expuestas procede declarar con lugar la
moción del fiscal y desestimar en su consecuencia el presente
recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.