Pedro Rosario, demandante y apelante, *v.* Jorge L. Lalaite, demandado y apelado.

Núm. 43.—*Sometido:* Julio 19, 1937. *Resuelto:* Noviembre 4, 1937.

*Carlos D. Vázquez,* abogado del apelante; *R. Padró Parés,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un pleito sobre daños y perjuicios tramitado en la Corte de Distrito de San Juan. Quedó resuelto por sentencia declarando la demanda sin lugar. Apeló el demandante y para perfeccionar su recurso preparó una exposición del caso que notificó a la parte contraria y sometió para su aprobación a la corte sentenciadora.

La parte contraria propuso lo que sigue:

"Que se enmiende el relato de la declaración de Jorge Abichabki, después del punto del primer párrafo, el cual termina 'la Plazuelita de San Francisco.' Se solicita que quede enmendado así:

" 'Al llegar ahí el *chauffeur* paró para bajar nosotros y abrió la puerta tratando de bajar primero el señor Lalaite, y entonces el que venía al lado mío dijo, 'aquí no puede parar', pero ya estaba Jorge bajado casi y anduvo el carro.' "

La corte resolvió que la exposición debía enmendarse en el sentido propuesto y concedió al demandante diez días para practicar la enmienda.

Pidió reconsideración el demandante y la corte se negó en los siguientes términos:

"Se desestima la moción de reconsideración porque el proyecto de exposición del caso en lo que respecta al párrafo cuya enmienda

se solicita, no refleja la verdad de lo declarado por el testigo Jorge Abichabki. Este testigo es un extranjero que según pudo apreciar la Corte, habla con dificultad el idioma castellano y si bien el párrafo que el demandante interesa que subsista parece indicar que él declaró que Jorge Lalaite fué el que abrió la portezuela del automóvil, sin embargo, aparece que inmediatamente corrigió su lenguaje expresando claramente que fué el chófer y no Lalaite quien abrió la portezuela. La justicia no puede depender de un lapsus que por ignorancia del idioma pueda cometer un testigo, cuando como en este caso claramente resulta lo que intentó decir y dijo el testigo.''

No conforme el demandante acudió ante este tribunal elevando la exposición del caso y los procedimientos habidos en la corte de distrito en cuanto a ella, debidamente certificados. Acompañó además el récord taquigráfico jurado como exacto por el funcionario que lo tomó y pidió a esta corte que impartiera su aprobación a la exposición tal como fué por él preparada.

Se señaló el 24 de junio para oír a las partes y sólo compareció la apelante quien insistió en su petición.

El procedimiento seguido por el apelante al dirigirse a esta Corte Suprema está autorizado por los artículos 218 y 219 del Código de Enjuiciamiento Civil y la sección 64 del Reglamento de esta Corte Suprema según fueron interpretados en el caso de *Lizarríbar* v. *Rossy, Juez de Distrito*, 18 D.P.R. 481, 483.

La cuestión a resolver es la de cómo debe quedar redactada en la exposición del caso que se eleve a esta Corte Suprema cierta parte de la declaración del testigo Jorge Abichabki. En la exposición preparada por el apelante se redactó así:

''Al llegar el chófer paró para bajar nosotros, porque al parar el Sr. Lalaite abrió la puerta, el chófer para que bajara el Sr. Lalaite, y entonces el que venía al lado mío dijo: 'Aquí no puede parar,' pero ya estaba Jorge bajando casi, casi y anduvo el carro. . .''

La parte apelada propuso que se redactara como sigue:

''Al llegar ahí el *chauffeur* paró para bajar nosotros y abrió la puerta tratando de bajar primero el Sr. Lalaite, y entonces el que

venía al lado mío dijo, 'Aquí no puede parar,' pero ya estaba Jorge bajando casi y anduvo el carro.''

Ambas redacciones son iguales substancialmente en cuanto a que el chófer paró para que bajaran los que iban en el automóvil, en que el primero que intentó bajar fué el Sr. Lalaite y en que cuando ya casi lo había conseguido, uno de los pasajeros dijo que allí no es podía parar y el carro fué puesto en movimiento. La discrepancia está en que según la redacción del demandante el que abrió la puerta del carro fué el Sr. Lalaite y según la del demandado fué el chófer.

¿Qué dice el récord taquigráfico? A la página 66 expresa:

''P.—¿Qué hizo el *chauffeur* al llegar ahí?

''R.—Parar para bajarnos nosotros, porque al parar el señor Jorge abrió la puerta, el *chauffeur* para que bajara el señor Jorge y entonces el que venía al lado mío dijo: 'Aquí no puede parar', pero ya estaba Jorge bajado, ya casi, y entonces, andó, el carro . . .''

En cuanto a la discrepancia el taquígrafo sostiene a primera vista al apelante.

¿Qué razones tuvo el juez para aceptar la enmienda del apelado?

Constan en su resolución de la moción de reconsideración. A su juicio la redacción del apelante no refleja la verdad de lo declarado por el testigo; éste, un extranjero, hablaba con dificultad el castellano, y su afirmación de que fué el chófer el que abrió la puerta es clara.

El testigo Abichabki lo presentó el apelado. La pregunta que contestó se la hizo el abogado del apelado, y el interrogatorio según el propio récord del taquígrafo continúa así:

''P.—¿Quiere decir que cuando bajaba Jorge. . .

''R.—Cuando bajaba Jorge andó el carro—no puede parar aquí—.

''P.—¿Quién dijo eso?

''R.—El señor trigueño que venía sentado a mi lado alante.

''P.—¿Y el *chauffeur* qué hizo?

''R.—Echó a andar el carro.

''P.—¿Sin esperar que Jorge bajara?

''R.—Sí, señor.

"P.—¿Usted está seguro que la puerta la abrió el *chauffeur?*
"R.—Sí, señor.
"P.—¿Por qué está seguro que el *chauffeur* abrió la puerta?
"R.—Para bajarnos nosotros.
"P.—¿Usted lo vió abriéndola?
"R.—Sí, señor, lo vi.
"P.—¿Cuando metió la mano y abrió?
"R.—Sí, señor.
"P.—¿Quiere decir que Jorge no tuvo intervención con la apertura de la puerta en ninguna forma?
"R.—No, señor, no.
"Demandado: Nada más."

Si se tiene en cuenta la totalidad de la declaración del testigo y el hecho de que la variación se debe a la colocación de una coma por el taquígrafo después de la palabra puerta, se verá que puede concluirse que la propia versión taquigráfica es susceptible de ser interpretada en el pasaje en que ha surgido la disparidad como atribuyendo la apertura de la puerta al chófer.

Y si a ello se agrega el recuerdo y la conciencia del juez que oyó la declaración, la cuestión no puede resultar para nosotros ni siquiera dudosa. El criterio del juez que tiene el deber de certificar la verdad de lo declarado por el testigo debe prevalecer por sobre el del apelante que se apoya en manifestaciones confusas y en un signo colocado no por el testigo mismo sino por el taquígrafo que tiende a dar a la declaración un sentido contrario a las reiteradas afirmaciones que inmediatamente contiene.

*No ha lugar, en tal virtud, a la aprobación de la exposición del caso en la forma que pretende el apelante.*

El Juez Asociado Señor Córdova Dávila no intervino.