El Pueblo de Puerto Rico, demandante y apelado, *v.* Eugenio Lafont, acusado y apelante.

Núm. 7272.—*Sometido:* Febrero 8, 1939. *Resuelto:* Febrero 25, 1939.

*R. Cuevas Zequeira,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Eugenio Lafont Pacheco fué acusado ante la Corte Municipal de Fajardo como autor de un delito de portar armas prohibidas consistente en llevar sobre su persona en Fajardo en la noche del quince de febrero de 1936 un revólver.

Fué el caso en apelación a la Corte de Distrito de Humacao y celebrado de nuevo el juicio la corte declaró a Lafont culpable y le impuso un mes de cárcel. No conforme, apeló para ante este tribunal, señalando en su alegato dos errores. Por el primero se sostiene que la prueba es insuficiente, por el segundo que la corte erró al no decretar el sobreseimiento *nunc pro tunc* pedido por el acusado.

El primer error no existe. Hemos examinado la evidencia y es a nuestro juicio suficiente. La portación del revólver por parte del acusado quedó demostrada plenamente a virtud de las declaraciones de Claudio Rodríguez y Juan Becerril. Las contradicciones que existen entre dichos testimonios son perfectamente explicables sin que quede destruído el peso de los mismos.

Argumentando el segundo señalamiento de error dice el apelante en su alegato:

"En cuanto al segundo error, para demostrar su existencia, tenemos que hacer mención de varios hechos que explican correctamente la posición de la defensa ante este Hon. Tribunal.

"Allá para el día 1 de abril de 1937, y estando señalado ante la Corte de Distrito de Humacao un caso contra el acusado por alterar la paz, el Fiscal pidió la suspensión de otros casos que existían pendientes contra Eugenio Lafont, uno de ellos, el que motiva este recurso de apelación. El letrado que suscribe se opuso a la suspensión de los casos, y la Corte, entonces presidida por el Hon. Francisco González Fagundo, suspendió los casos hasta que el Fiscal estuviera en condiciones de citar a un testigo ausente. Así las cosas,

y habiendo transcurrido más de ciento veinte días sin que se hiciera señalamiento alguno del caso de Euganio Lafont, éste presentó en 23 de agosto de 1937 una moción de sobreseimiento, que fué remitida oficialmente al Secretario de la Corte de Distrito de Humacao para que se sirviera radicarla y notificar al señor Fiscal. La moción de referencia fué remitida con otra exactamente igual en otro caso que tenía pendiente el acusado. La Corte señaló la moción, y en representación del acusado, y por delegación del letrado que suscribe, compareció a someter por sus méritos las mociones pendientes, el Lic. Francisco González, Jr. La Corte, posteriormente, declaró sin lugar la moción, y no habiendo aparecido ni en la transcripción de la evidencia ni en el legajo de la sentencia lo relativo a las mociones de sobreseimiento, solicitamos de la Corte de Distrito de Humacao, en una moción debidamente jurada y exponiendo el historial del caso, se sirviera dictar *nunc pro tunc* el pronunciamiento que fuera procedente sobre la moción de referencia, que se había extraviado o que el Secretario, por equivocación, dejó de radicar en este caso sobre portar armas, si bien la radicó en el otro caso sobre alterar la paz. La Corte, con fecha 31 de octubre de 1938 resolvió declarar sin lugar la solicitud de sobreseimiento *nunc pro tunc*. Y ahora alegamos que la Corte cometió error perjudicial al acusado al no resolver por sus méritos la cuestión que le había sido planteada en debida forma y a su debido tiempo y que sólo por descuido del Secretario dejó de ser considerada y resuelta en su oportunidad.

"Después de entablado el recurso de apelación, al notificarse al letrado que suscribe con copia del legajo de la sentencia, se advirtió que se habían omitido constancias relacionadas con la solicitud de sobreseimiento presentada por el acusado. Así las cosas, el acusado presentó una moción sobre corrección de autos en la que se expresaba lo siguiente:

" 'Que la transcripción en cuestión adolece del defecto de no hacer constar actos y manifestaciones de la Corte y excepciones anotadas con anterioridad a la fecha del juicio.'

" 'Que a los fines de poder establecer debidamente su defensa en el recurso de apelación entablado, el acusado necesita que se ordene por la Corte que se adicione a la transcripción de evidencia las manifestaciones, providencias y resoluciones dictadas por el tribunal con anterioridad a la celebración del juicio, y, especialmente, las que fueron pronunciadas en ocasión de estar la Corte presidida por el Hon. Francisco González Fagundo.'

"Dicha moción fué declarada sin lugar, fundándose para ello la Corte en la información del taquígrafo, sin que el acusado hubiera

tenido oportunidad de presentar evidencia que acreditara los extremos importantes de su moción.

"Ante situación semejante, y no habiéndose mencionado para nada en el legajo de la sentencia la moción que el acusado remitiera a la Corte solicitando el sobreseimiento y archivo del caso, el letrado que suscribe radicó en la Corte de Distrito de Humacao la moción de sobreseimiento *nunc pro tunc*, declarada sin lugar en 31 de octubre de 1938 por resolución que consideramos errónea por cuanto lesiona derechos substanciales del acusado. Que la Corte tenía autoridad para conocer de la moción de referencia, es cosa bien clara de acuerdo con lo que dispone el apartado 8 del Art. 7 del Código de Enjuiciamiento Civil de Puerto Rico, según el cual toda corte tiene poder para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia.

"Por la evidencia que pondremos a disposición de la Corte Suprema aparece que el letrado que suscribe, en 23 de agosto de 1937 remitió al Secretario de la Corte de Distrito de Humacao dos mociones, exactamente iguales, para ser radicadas en los casos números 12685 y 12698; que la discusión de la cuestión planteada fué señalada para el día 7 de septiembre de 1937, en cuya fecha compareció el Lic. Francisco González, Jr. y sometió por sus méritos las dos mociones en cuestión; que no existe constancia alguna en los autos del caso 12685, que es el que ahora pende ante esta Corte Suprema, ni de la moción ni de sus incidentes, y, por el contrario, existe una resolución de la Corte en el caso núm. 12698, que dice así:

" 'RESOLUCIÓN.—Por entender que la dilación en el señalamiento de este caso para juicio ha sido totalmente justificada por el trabajo de la corte en sus múltiples atenciones de naturaleza civil y penal, sin que este caso haya constituído una excepción en el desenvolvimiento del trabajo de esta corte, se declara sin lugar la moción sobre archivo y sobreseimiento del mismo, que permanecerá, como hasta ahora, listo para ser señalado en su oportunidad.—Humacao, P. R., a 21 de septiembre de 1937.—(Fdo.) R. Arjona Siaca, Juez de Distrito.'

"Entendemos que las circumstancias todas de este caso justificaban que la Corte de Distrito de Humacao hubiera declarado con lugar la moción de sobreseimiento y archivo *nunc pro tunc* o la corrección de los autos de suerte que una resolución idéntica a la que hemos transcrito se hubiera pronunciado con carácter retroactivo a los efectos de que esta Corte Suprema pudiera determinar si procedía el sobreseimiento y archivo originalmente solicitado."

El fiscal sostiene que no existe en los autos base suficiente para la discusión del error. Y así es en efecto.

Todo lo que de los autos consta es que dictada la sentencia condenatoria en noviembre 16, 1937, el acusado apeló y habiendo optado para tramitar su recurso por medio de una transcripción de la evidencia por el taquígrafo, éste la preparó y entregó; que entonces, con fecha enero 11, 1938, se dirigió a la corte manifestándole que la transcripción adolecía del defecto de no hacer constar actos o manifestaciones de dicha corte y excepciones anotadas con anterioridad a la fecha del juicio, pidiéndole que ordenara su corrección; que señalado el catorce de enero para resolver sobre la aprobación de la transcripción, compareció El Pueblo pero no el acusado; que el secretario dió cuenta con la indicada moción de enero 11 y luego de oír al fiscal la corte ordenó al taquígrafo que investigara en secretaría todo lo ocurrido en relación con la causa y lo transcribiera; que en febrero primero siguiente el taquígrafo informó que nada había encontrado, y que en mayo 17 la corte declaró la moción del acusado sin lugar, remitiéndose copia de la resolución a su abogado en mayo 21, 1938.

Así las cosas el secretario certificó el legajo de la sentencia y lo envió a esta corte en la que ambos documentos quedaron archivados desde junio 17, 1938.

Nada hizo el apelante. Se limitó a pedir prórrogas para la presentación de su alegato que radicó en noviembre 7, 1938, y a levantar en él la cuestión de la moción de sobreseimiento *nunc pro tunc* que dijo haber presentado en agosto 23, 1938, y haber sido declarada sin lugar en octubre 31 siguiente según demostraría por evidencia que pondría a disposición de la corte.

Pasaron los meses. En diciembre 8, 1938, se señaló la vista del recurso para febrero 8, 1939, y en este último día fué que el apelante pidió permiso para adicionar el récord con una declaración jurada de su abogado, con copias simples de la moción de sobreseimiento *nunc pro tunc* y de dos resoluciones de la corte de distrito y con las declaraciones juradas de los abogados Francisco González Fagundo y

Francisco González, Jr., a los efectos de acreditar los hechos consignados en su alegato a los fines de basar el segundo señalamiento de error.

Bajo las circunstancias expuestas ¿pueden tomarse en consideración los documentos que ahora se presentan para adicionar el récord de la apelación establecida contra la sentencia dictada en noviembre 16, 1937? Veámoslo.

 El problema que esa apelación envuelve sólo puede resolverse con lo que estuvo ante la corte sentenciadora en el momento de dictar la sentencia recurrida.

La corte certificó como correcto un récord que hablando por sí mismo dice que en el caso no se presentó moción de sobreseimiento alguna, todo ello después de haberse suscitado la cuestión ante ella y de haberla investigado. La certificación lleva fecha 17 de mayo de 1938 y contra ella no estableció el acusado recurso alguno.

Fué en esa oportunidad que el acusado debió insistir en la corrección del récord de su apelación sometiendo a la aprobación del juez sentenciador en debida forma la narración de lo que según él había ocurrido y si el juez hubiera dejado de o se hubiera negado a aprobarla, acudiendo a esta Corte Suprema. Véanse: Sección 65 del Reglamento, 17 D.P.R. LXXV; *Rosario* v. *Lalaite,* 52 D.P.R. 238, 239, y *Pueblo* v. *Rivera et al.,* 24 D.P.R. 848.

El acusado prefirió dirigirse nuevamente a la propia corte de distrito el 18 de octubre de 1938 o sea no sólo después de cinco meses de librada la certificación si que después de cuatro meses de radicados los autos en esta Corte Suprema, presentándole una moción de sobreseimiento *nunc pro tunc* que la corte declaró sin lugar el 31 del propio mes, según expresa el propio acusado.

A nuestro juicio dictada como lo fué la orden denegatoria del sobreseimiento después de sentencia, tiene el carácter de una providencia dictada después del fallo que afecta los derechos substanciales de la parte y era por tanto apelable

de acuerdo con lo prescrito en el núm. 3 del art. 347 del Código de Enjuiciamiento Criminal, ed. 1935, pág. 344.

Si hubiera el acusado establecido esa apelación, hubiera tenido la oportunidad de traer a esta corte formando parte del récord de la misma la evidencia que hubiera presentado ante la corte de distrito a los fines de demostrar que no obstante lo certificado por su juez en mayo de 1938 era lo cierto que a virtud de una investigación posterior se había demostrado el hecho de la presentación de la moción de sobreseimiento a su debido tiempo. Pero el acusado no apeló y perdió esa segunda oportunidad.

¿Cómo vamos en este estado del procedimiento con la presentación a última hora de los documentos indicados sin conocimiento siquiera del juez sentenciador, a resolver que es cierto algo que está en conflicto con el récord de la única apelación ante nosotros, especialmente cuando según se hace constar en uno de esos mismos documentos—la copia de la resolución de la moción de sobreseimiento *nunc pro tunc*—el juez insiste en que la primitiva moción no fué radicada?

La verdad legal ante esta corte en esta apelación es que no se presentó petición de sobreseimiento alguna en este caso y que el acusado entró a juicio renunciando su derecho a ser juzgado dentro del término de ciento veinte días contado a partir de la radicación de los autos en la corte de distrito, si es que lo tenía. Y en tal virtud no hay base para discutir siquiera el segundo señalamiento de error.

Tampoco hay base para resolver si el juez decidió bien o mal la moción de sobreseimiento *nunc pro tunc*, porque se trata de algo que ocurrió con posterioridad a la sentencia y a la interposición del recurso ante nos, y porque aunque eso no obstante la cuestión pudiera ser considerada, no se ha radicado el debido pliego, transcripción, exposición o narración autorizados por la ley.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*