## El Pueblo *v.* Rivera et al.

## Apelación procedente de la Corte de Distrito de

## Guayama.

No. 28.  Resuelto en noviembre 21, 1905.

APELACIÓN.—PRUEBAS.—PLIEGO DE EXCEPCIONES.—CUESTIONES DE DERECHO.—Al prepararse el pliego de excepciones deberá insertarse en el mismo solamente aquella parte de la prueba que sea necesaria para plantear debidamente las cuestiones de derecho que hayan sido motivo de las excepciones tomadas; si el pliego contuviere otras pruebas que no fueron necesarias á este efecto, el Juez deberá eliminarlas.

RELACIÓN DE HECHOS.—Si el pliego de excepciones no contuviere la prueba necesaria para que el Tribunal pueda considerar y resolver debidamente las excepciones tomadas, ni hubiera en la transcripción de autos una relación de hechos que contenga la prueba practicada en el juicio, habrá de presumirse que las resoluciones de la Corte que motivaron tales excepciones son correctas.

ID.—DERECHOS SUSTANCIALES DE LAS PARTES.—Si las resoluciones de la Corte inferior en relación con la prueba practicada en el juicio, no hubieren perjudicado los derechos substanciales de las partes, el Tribunal Supremo no les prestará consideración alguna.

ACUSACIÓN.—SU SUFICIENCIA Y VALIDEZ.—En una acusación no es necesario indicar el artículo del Código en que estuviere previsto y castigado el delito imputado en ella al acusado, siendo válida y suficiente si contuviere todos los requisitos expresados en el art. 82 del Código de Enjuiciamiento Criminal.

ID.—PRINCIPIO DEL PROCESO EN CAUSAS CRIMINALES.—El arresto del acusado, ó cualquiera que sea el primer paso tomado por el Fiscal, ó la autoridad correspondiente, para traer á un delincuente ante los Tribunales de Justicia, es lo que constituye el principio del proceso en toda causa criminal.

ID.—FACULTADES DEL FISCAL GENERAL.—FISCAL ESPECIAL.—De acuerdo con el art. 74 del Código Político, el Fiscal General tiene facultades para designar Fiscales especiales que instruyan y conduzcan el proceso en los casos de mala conducta oficial de cualquiera de los funcionarios del Gobierno á que dicho artículo se refiere.

ID.—FUNCIONARIOS DE FACTO.—Si en el proceso de una causa criminal hubiere intervenido un Fiscal especial, que no tuviera el carácter de Fiscal *de jure*, por no estar su nombramiento autorizado por la Ley, tal Fiscal especial, tendría, no obstante, el carácter de Fiscal *de facto*, y su nombramiento, así como la sentencia dictada en virtud de la acusación formulada y firmada por dicho Fiscal, no podrán ser impugnadas en un procedimiento colateral, como el de apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Hernández López.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Los acusados en esta causa fueron procesados ante la Corte de Distrito de Guayama y declarados culpables de infracción á las leyes electorales de Puerto Rico, y el día 5 de abril de 1905, la corte les condenó á sufrir un año de presidio con trabajos forzados y al pago de todas las costas del juicio. De esta sentencia de la corte interpusieron apelación para ante este Tribunal, celebrándose la vista ante este Tribunal en pleno día 18 de octubre último; el abogado don Juan Hernández López compareció en representación de los apelantes y el fiscal de esta corte don Jesús M. Rossy, en representación del pueblo de Puerto Rico. En el récord no hay exposición de hechos ni aparece del mismo constancia alguna con respecto á las pruebas practicadas en el juicio, á excepción de algunas palabras que pueden deducirse de un corto pliego de excepciones que se tomaron á la admisión y exclusión de cierta prueba ofrecida en el acto del juicio, excepciones que han sido debidamente formuladas.

Examinaremos primeramente estas excepciones. El pliego que las contiene dice así:

"1. La defensa se opone á la declaración del testigo Eugenio Díaz, fundándose en que no aparece su nombre en la lista, al haberle sido entregada la acusación. La Corte desestimó la moción. La defensa tomó excepción de la resolución.

"2. Le pregunta la defensa al testigo Capitán Cabrera, si él le había dado órdenes á la policía de que la gente guardara alguna distancia de los precintos. El Fiscal se opuso á la pregunta. La Corte la declaró impertinente. La defensa, en vista de la decisión de la Corte, tomó excepción.

"3. Al preguntarle el Sr. Fiscal al acusado Guillermo León, que cuál fué el motivo por qué ellos no inscribieron á nadie en el Precinto No. 25, aquel día antes de la una, el abogado defensor se opuso á la pregunta, fundándose en que el abogado del Gobierno no tenía derecho más que á repreguntar al testigo. La Corte declaró la pre-

gunta·pertinente.    La defensa tomó excepción de la decisión de la
Corte.

"4.  Le pregunta el Fiscal del Gobierno al acusado Guillermo León,
que cómo era que en el otro juicio había declarado sobre la misma
materia bajo juramento, que la razón por qué no se habían inscrito
Vázquez y otros, era porque no les conocían.   La defensa se opu-
so á la pregunta.   La Corte entiende que el objeto de la pregunta es
impugnar la verdad del testigo, fundándose en que dijo otra co-
sa contraria en el otro juicio á lo que dice ahora, y por lo tanto,
declara la pregunta pertinente.   La defensa tomó excepción de la
resolución de la Corte."

Cuando se hagan objeciones á la prueba y cuando se
formulen pliegos de las excepciones hechas á las resolu-
ciones del Tribunal con respecto á la misma,  es nece-
sario exponer las cuestiones de derecho en que se basen
las excepciones tomadas. El Tribunal debe suprimir
aquella parte de la prueba que se incluya en el pliego de
excepciones y que no sea necesaria para la consideración
de las mismas. Véase el artículo 299 del Código de Enjui-
ciamiento Criminal.  Esta sección indica claramente que
en el pliego de excepciones deben exponerse las cuestiones
de derecho que surjan con respecto á la admisión ó dene-
gación de prueba, ya se planteen dichas cuestiones por
el abogado del acusado ó por el fiscal, ó se expongan por
el Tribunal en sus resoluciones, debiendo incluirse tam-
bién en el pliego de excepciones una parte suficiente de
la prueba que tenga relación con las preguntas y respues-
tas á que se haya hecho objeción con el fin de dar á este
Tribunal una oportunidad de resolver debidamente si
las decisiones del Tribunal inferior al resolver las cues-
tiones presentadas fueron correctas ó erróneas.  Como
en las excepciones transcritas anteriormente no se han
llenado estos requisitos en todas sus partes y como este
Tribunal no puede establecer una comparación entre los
fragmentos de prueba aquí presentados con el total de la
practicada en el juicio, por falta de una exposición de he-

chos, debe presumirse que las resoluciones del tribunal inferior son correctas. Esta cuestión se encuentra comprendida por lo menos en el artículo 1 de la ley relativa á la revocación de sentencias en causas criminales por la Corte Suprema, aprobada el 30 de mayo de 1904. Véase el tomo de leyes de la sesión extraordinaria de 1904, página 16.

Si el Tribunal inferior cometió error alguno al resolver las diferentes objeciones hechas á la prueba tal y como se han presentado en el pliego de excepciones dicho error no es de tal naturaleza que tendiera á perjudicar los derechos de cualquiera de las partes, y por consiguiente, este Tribunal no debe tomarlos en consideración al resolver la apelación.

Además de estas cuestiones presentadas en la corte inferior, y que se hayan contenidas en el récord, el abogado al hacer su informe oral ante este Tribunal sostiene que el Tribunal inferior ha incurrido en ciertos errores fundamentales, señalando, entre otros, los siguientes:

Primero. Que la acusación no expresa qué artículo determinado de la Ley Electoral ha sido infringido por los acusados. Este requisito no se exige en la acusación. El artículo 84 del Código de Enjuiciamiento Criminal dice claramente: "No se necesita expresar en la acusación ni presunciones legales ni cuestiones de que ya conociere el Tribunal"; y la sección 82 dice que la acusación es suficiente si la misma contiene siete requisitos entre los que no está incluída la necesidad de expresar el artículo determinado de la ley que pueda haber sido infringido . Esto está resuelto terminantemente en la causa del *Pueblo de Puerto Rico* vs. *Arturo Aponte y otro,* en la opinión dictada por el juez Asociado señor Wolf en fecha 11 del corriente, á la que hacemos referencia.

Segundo. Pero la objeción principal que hace el abogado de los apelantes y la que se sostiene con gran insis-

tencia es que este proceso se principió y condujo hasta su terminación por el señor E. B. Wilcox, fiscal especial, y no por el fiscal del distrito en que se supone haberse cometido el delito. El ilustrado letrado discutió con alguna extensión el punto de que la palabra proceso significa la continuación de la causa, y que aunque el Attorney General pudiera nombrar un abogado especial que se encargara del proceso, sin embargo, era necesario que la acusación estuviera firmada por el fiscal del distrito correspondiente. Se hace referencia al artículo 74 del Código Político que, hablando del Attorney General dice lo siguiente:

"........... en el caso de mala conducta oficial por parte de cualquier otro funcionario ó empleado del Gobierno Insular, presentará y llevará adelante la oportuna acusación ante el respectivo Tribunal. Se encargará de dirigir el proceso de dichas acusaciones personalmente, ó por medio del Attorney General Auxiliar, pudiendo, si fuere necesario, nombrar abogado especial."

El distinguido abogado sostiene que dirigir un proceso significa hacerse cargo de la causa después de haber sido presentada la acusación, y no incluye la preparación ó presentación de la misma. A los efectos de este argumento parece importante determinar cuándo principia el proceso ó qué es lo que constituye el principio del proceso. Se ha dicho por autoridad respetable que cuando la ley no prescribe lo contrario, el principio del proceso es el mandamiento de arresto y no la subsiguiente acusación ó presentación de la misma. Consúltense los siguientes casos: *Clayton* v. *State,* 127 Alabama, 550; *Leake* v. *State,* 22 La. Ann. *Carr* v. *State,* 36 Tex. Crim. App. 390.

En el caso *Harnett* v. *State,* 42 Ohio st. Rep. 568, la Corte Suprema del estado de Ohio resolvió que cuando una persona es arrestada y debidamente encarcelada por el delito de que es acusada más tarde, el proceso de ese de-

lito está pendiente desde el momento en que esa persona está arrestada y encarcelada. Además de estas autoridades puede consultarse el Diccionario de Bouvier, tomo 2do., página 784, en donde se define la palabra proceso, como sigue: "Los medios que se adopten para traer ante la justicia á un supuesto delincuente y castigarle siguiendo debidamente las practicas establecidas por la ley". Se hace referencia al caso siguiente: 34 La. Ann. 1198.

Es evidente que el principio del proceso es el arresto ó el primer paso dado por el fiscal, cualquiera que sea, á fin de traer al delincuente ante la justicia.

Parece claro que con arreglo al artículo 74 del Código Político el Attorney General tenía el derecho de nombrar un abogado especial para esta causa. De acuerdo con la sección 21 de la ley orgánica el Attorney General tiene todas las atribuciones y ha de ejercer todas las funciones que por la ley corresponden á un fiscal de territorio en los Estados Unidos, hasta donde sean localmente aplicables; y se le exige además que desempeñe todos los demás cargos que la ley le asigne. Si no hubiera ley alguna de la Legislatura Insular que autorizara al Attorney General á ejercer las facultades que ha ejercido en este caso al nombrar un fiscal especial tendríamos esta sección de la Ley Orgánica que le confiere suficiente autoridad para ello. Para sostener que esta acusación es suficiente hay otras razones que están consignadas en la opinión del juez asociado señor Wolf á la que ya hemos hecho referencia en esta opinión.

Aún cuando no consideráramos, ni pudiéramos considerar, que el fiscal especial que actuó en esta causa era un fiscal *de jure*, ciertamente era un fiscal *de facto*, y como tal fiscal *de facto* su nombramiento no podría discutirse en un procedimiento subsidiario ó colateral como el presente, ni atacarse en él la sentencia dictada en esta causa basada en la acusación firmada por dicho fiscal

especial. Esta doctrina está bien establecida por numerosas autoridades americanas, y especialmente en el caso del *State* vs. *Carroll*, 38 Conn. 449. A esta resolución se ha hecho referencia en el voto concurrente dado por el que suscribe en la causa del pueblo de *Puerto Rico* vs. *Hobart S. Bird,* con fecha 15 de junio de 1903, al que se hace referencia por la lista de autoridades que en él se citan.

Ante la Corte de Distrito de Guayama tuvieron los acusados en el caso que estamos considerando un juicio justo é imparcial dándose cuidadosa consideración á todas las alegaciones que en su defensa se hicieron, habiéndose dictado sentencia contra ellos imponiéndosele un castigo moderado. No hay absolutamente nada en los autos que justifique una modificación por esta corte de la sentencia dictada por el Tribunal inferior. Por esa razon y por las razones anteriormente expuestas en esta opinión, debe confirmarse la sentencia dictada por la Corte de Distrito.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.