EL PUEBLO, DEMANDANTE Y APELADO, *v.* HERNÁNDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por infracción a la sección 61 de la Ley de Arbitrios.

No. 1939.—Resuelto en junio 9, 1922.

CORTES DE DISTRITO—SEÑALAMIENTO DE APELACIONES CRIMINALES PROCEDENTES DE CORTES MUNICIPALES.—Aunque el señalamiento de una apelación en causa criminal procedente de la corte municipal después de transcurridos los diez días de haberse recibido la causa en la corte de distrito constituye una infracción del apartado 5 del artículo 29 del Código de Enjuiciamiento Criminal enmendado en marzo 12, 1908, no es motivo de revocación cuando no se demuestra que tal error ha lastimado algún derecho del acusado.

ALAMBIQUES—DENUNCIA SUFICIENTE.—En el presente caso se alegó como error de la corte el haber denegado la eliminación del siguiente párrafo en una denuncia por infracción a la sección 61 de la Ley de Arbitrios: " * * * fueron ocupadas cuatro botellas conteniendo alcohol y una damesana pequeña conteniendo alcohol; haciendo un conjunto de dos litros y medios de alcohol; y un galón vacío." *Se resolvió:* que aunque se considerase materia redundante dicho párrafo, esto no significaría confusión alguna en la acusación, porque el hecho delictivo de la acusación resulta claro y en nada afectaba a los requisitos esenciales de la misma.

ID.—MOCIÓN DE *Nonsuit.*—Cuando un acusado ha presentado su prueba se entiende
que ha renunciado al derecho de presentar una moción de *nonsuit.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Martínez Avilés.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del
tribunal.

Este es un caso sobre infracción de la sección 61 de la
Ley de Arbitrios.   Se originó en la Corte Municipal de Lares
y la acusación formulada es como sigue:

"Que en 13 de noviembre de 1921, como a las 3 p. m. y en el
barrio Lares, y en su casa morada, dentro del Distrito Judicial Mu-
nicipal de Lares, que forma parte del Distrito Judicial de Aguadilla,
P. R., allí y entonces el referido acusado, voluntaria, maliciosa y
criminalmente, tenía en su poder y custodia y bajo su control, un
alambique o aparato para destilar ron sin haberlo inscrito en la Ofi-
cina del Tesorero de Puerto Rico, firmando y archivando con dicho
Tesorero de Puerto Rico una declaración por escrito, haciendo cons-
tar el sitio particular donde dicho aparato o alambique está situado
o almacenado, la clase de alambique y su capacidad cúbica, el nombre
del dueño del mismo, sitio de su residencia y los fines para los cuales
dicho alambique o aparato se ha usado, se estaba usando o se pro-
ponía usar, infringiendo así las disposiciones de la sección 61 de
Ley No. 55, aprobada en junio 15 de 1919.   El alambique en cues-
tión tiene una capacidad de ochenta litros más o menos, no pudiendo
ocuparle el cabezote y la serpentina, por haberla ocultado en mo-
mentos de ser sorprendido, también le fueron ocupadas cuatro bote-
llas conteniendo alcohol y una demesana pequeña conteniendo alcohol,
haciendo un conjunto de dos litros y medio de alcohol; y un galón
vacío."

La Corte de Distrito de Aguadilla vió el caso en apela-
ción y declaró culpable al acusado, y le impuso la pena de
cien dólares de multa, o un día de cárcel por cada dólar que
dejare de satisfacer, no excediendo la prisión subsidiaria de
noventa días y además al pago de las costas.   Contra esta
sentencia es que se ha interpuesto el presente recurso some-
tido ahora a nuestra consideración.

El apelante alega que se han cometido cuatro errores por la corte inferior.

El primer error se refiere al no ordenar la corte el sobreseimiento y archivo de la causa por infracción del apartado 5 del artículo 29 del Código de Enjuiciamiento Criminal. En cuanto a esto, tenemos ya un precedente sentado por esta corte en el caso de *El Pueblo* v. *Ribas,* 16 D. P. R. 616. El lenguaje de la corte, en parte, es el siguiente:

"Es, pues, evidente que dentro de los diez días de haberse recibido la causa en la corte de distrito, ésta debió hacer el señalamiento de día para el juicio, y al no hacerlo así, infringió el apartado quinto del artículo 29 del Código de Enjuiciamiento Criminal, según ha quedado enmendado por dicha ley de 12 de marzo de 1908; pero estimamos que aún cuando tal error fué debidamente excepcionado, por lo que ha merecido nuestra consideración, no ha lastimado ninguno de los derechos del acusado; y, en su virtud, es de aplicación el artículo 1º. de la ley de mayo 30 de 1904, relativa a la revocación de sentencias en causas criminales, según la cual, siempre que apareciere que el tribunal sentenciador hubiere desatendido cualquier requisito legal, no se anulará la sentencia, a menos que el error que de los autos resultare, tendiere a perjudicar los derechos de cualquiera de las partes."

Y no resulta de la transcripción del récord que se hayan lesionado los derechos del acusado, porque el único supuesto perjuicio que expuso con su propia declaración fué el temor de que uno de los fiadores le retirara la fianza, pero esto no se realizó y el acusado continuó en libertad.

El segundo error consiste en haber denegado la corte la eliminación del párrafo que en la acusación dice:

" * * * fueron ocupadas cuatro botellas conteniendo alcohol y una damesana pequeña conteniendo alcohol, haciendo un conjunto de dos litros y medio de alcohol; y un galón vacío."

Este error carece de toda importancia. El delito que se persigue es haberse ocupado en poder del acusado un alam-

bique sin tenerlo inscrito en la Tesorería de Puerto Rico. El objeto único de tal aparato es la destilación de alcohol y este es un producto que necesita envases, y el párrafo inserto se refiere a la ocupación de efectos que habían de tener una relación necesaria, de causa o efecto, entre el aparato principal y sus accesorios, que son los que mencionan en dicho párrafo para darle una forma completa a la acusación como resultado de la realidad de los hechos. Además, aunque se considerase materia redundante dicho párrafo, esto no significaría confusión alguna en la acusación, porque el hecho delictivo de la acusación resuelta claro y en nada afectaba a los requisitos esenciales de la misma.

El tercer error que se atribuye a la corte es porque declaró sin lugar la moción de *nonsuit* presentada por el acusado. El acusado no presentó esta moción después de practicada la prueba de cargo, sino que esperó a que se practicara su prueba de defensa. Esta circunstancia implica que el acusado renunció al derecho que tuvo por no haberla presentado en el tiempo oportuno y la corte inferior no cometió error alguno al declarar sin lugar dicha moción. Véanse los casos de *El Pueblo* v. *Alvarado,* 19 D. P. R. 870, y *El Pueblo* v. *Ojeda,* 26 D. P. R. 438.

El cuarto y último error que alega el apelante es que la corte inferior erró al apreciar la prueba.

La evidencia presentada por el fiscal consistió en dos policías que fueron los que presenciaron los hechos y ocuparon el cuerpo del delito, y contra esta prueba el acusado opuso la declaración de un testigo y su propio testimonio. Así aparece la prueba en conflicto pero la corte inferior lo ha resuelto en contra del acusado, y como no resulta de la misma que se haya cometido error grave o manifiesto ni haberse actuado con pasión, prejuicio o parcialidad al apreciarse dicha evidencia, no estamos en el caso de intervenir en la apreciación que de la misma hizo la corte inferior, y

por esta razón y las que más arriba se dejan expuestas debemos confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.