El Pueblo, Demandante y Apelado, *v.* Rodríguez, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión grave.

No. 2051.—Resuelto en junio 5, 1923.

Apelación Procedente de la Corte Municipal — Juicio *de Novo* — Jurisdicción.—En apelación de una corte municipal, el juicio es imperativamente *de novo* y la corte de distrito adquiere jurisdicción únicamente para juzgar el caso *de novo*. No se constituye como corte de revisión y no puede revisar un incidente del juicio.

Id.—Id.—Juicio Rápido—Suspensión—Justa Causa—Presunción—Peso de la Prueba.—En una solicitud de sobreseimiento incumbe al fiscal demostrar el aplazamiento por justa causa, pero cuando una corte había ya aplazado un caso la presunción está en favor de una justa causa para ello y al acusado incumbe demostrar lo contrario.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. A. Aponte, Jr.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El día 22 de mayo de 1922 el apelante fué arrestado por un delito de acometimiento y agresión a virtud de denuncia formulada ante la corte municipal de Fajardo. En el *affidavit* presentado por el apelante en la corte de distrito de Humacao se dice que el juicio no tuvo lugar en la corte municipal de Fajardo hasta el día 22 de septiembre y según el mismo *affidavit,* que el apelante presentó entonces una moción a la corte municipal de Fajardo solicitando el sobreseimiento del proceso en razón a que su juicio no tuvo lugar dentro de los 120 días después de su arresto, por virtud del artículo 448 del Código de Enjuiciamiento Criminal y del artículo 2 de la Ley Orgánica siendo el propósito de uno u

otro la celebración de un juicio rápido. Ninguno de los procedimientos relativos a esta moción de sobreseimiento fueron certificados por la corte municipal y el apelante no incluyó certificación oficial alguna de estos procedimientos cuando subsiguientemente en apelación presentó él una moción de sobreseimiento en la Corte de Distrito de Humacao por falta de un juicio rápido en la corte municipal. Ni siquiera la fecha en que el juicio tuvo lugar en la corte municipal se certifica por ningún funcionario de esa corte. El apelante se amparó en su *affidavit* solamente.

Cuando en el año 1916 la Corte de Distrito de San Juan se negó a sobreseer una causa por falta de un juicio rápido, los procedimientos de esa corte fueron traídos a nuestra consideración por virtud de un auto de mandamus, *Dyer v. Rossy*, 23 D. P. R. 772. Una apelación pudo entonces haber servido al acusado, pero él tenía que haberse sometido primero a juicio. En el presente caso cualesquiera derechos que el apelante pueda haber tenido para la revisión de los procedimientos de la corte municipal por virtud de *mandamus, habeas corpus* o cualquier otro método, en la Corte de Distrito de Humacao, es el hecho que después de haber sido desestimada su moción de sobreseimiento se sometió a juicio, fué declarado culpable y entonces apeló. Surge, por tanto, la cuestión de si en apelación a la corte de distrito esta corte está autorizada por virtud de la apelación para revisar los procedimientos habidos en la corte municipal.

En apelación de una corte municipal el juicio es imperativamente *de novo*. La corte de distrito adquiere jurisdicción únicamente para juzgar el caso *de novo*. No se constituye como corte de revisión y no puede en apelación revisar un incidente del juicio. Por supuesto, si se alegara que la corte municipal carecía de jurisdicción para conocer del caso una cuestión diferente se presenta.

Además, en una apelación de la corte municipal se certifica la denuncia original a la corte de distrito y práctica-

mente nada más. Nada se prescribe sobre la presentación de alguna otra cosa ante la corte de distrito. Cuando la moción de sobreseimiento y el *affidavit* fueron presentados a la corte de distrito el fiscal se opuso porque los procedimientos ante la corte municipal no constaban, incluyendo la omisión en presentar la resolución de la corte municipal de Fajardo, o si la corte municipal aplazó el juicio por justa causa. Asumiendo el derecho de revisión en la corte de distrito, habría la presunción de que la corte municipal encontró justa causa para no sobreseer y al apelante incumbía demostrar lo contrario. Aunque hemos resuelto que en una solicitud de sobreseimiento incumbe al fiscal demostrar el aplazamiento por justa causa, cuando una corte aplaza un caso, como hemos resuelto, la presunción está en favor de un justo aplazamiento y el acusado debe hacer alguna demostración en contrario.

Los hechos de este caso fueron que el fiscal estaba en duda de si debía acusar por un atentado contra la vida. Los documentos fueron enviados a él en mayo 26, 1922 con este fin, ya por un juez instructor, o por el juez municipal. En junio 30 el fiscal manifestó a la corte municipal que siguiera adelante con el juicio. Si debemos descontar el tiempo que el fiscal estuvo investigando el cargo más grave, no habría demora fuera de los 120 días. El juicio tuvo lugar en septiembre 22 de 1922, precisamente a los cuatro meses calendarios después del arresto. Si la corte tenía derecho a descontar siquiera tres días debido a la actuación del fiscal, el juicio fué debidamente celebrado. Otras consideraciones podrían ser aplicables para demostrar una justa causa como se indicó en el caso de *Pueblo* v. *Ibern,* 31 D. P. R. 917.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.