EL PUEBLO DE PUERTO RICO, 'demandante y apelado, *v.* JOSÉ E. ROMERO, F. COLÓN GIORDANI, L. PIÑERO, VÍCTOR M. COLÓN, E. GARCÍA y ANTONIO SÁNCHEZ, acusados y apelantes.

No. 3170.—*Sometido:* Noviembre 29, 1927. *Resuelto:* Mayo 7, 1929.

*Arturo Aponte,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Los apelantes fueron condenados en la Corte Municipal de Fajardo por un delito de motín y también por la Corte de Distrito de Humacao al celebrar el juicio *de novo* en grado de apelación, de cuya última sentencia han apelado para ante nosotros alegando dos motivos para su recurso, pero sólo argumentan uno de ellos, que fundan en haber rechazado la corte inferior de plano su petición de sobresei-

miento de la causa y al negarles su derecho a un juicio rápido, que les concede nuestra carta orgánica.

Los apelantes fueron arrestado el 4 de noviembre de 1924 por el expresado delito; el 13 de marzo del año siguiente fué celebrado el juicio en la corte municipal, y tres días después fué dictada la sentencia condenatoria que el mismo día apelaron para ante la corte de distrito, donde fueron radicados los autos de su apelación el 11 de junio de 1925. Señalado el juicio en apelación para el 13 de agosto siguiente, cinco días antes de que tuviera lugar presentaron los acusados a la corte de distrito moción para que sobreseyera la causa fundándose en vista de los hechos que hemos expuesto en que habían transcurrido más de cuatro meses desde la interposición de su apelación sin celebrarse el juicio, quedando así privados de un juicio rápido: en que su apelación debió haber sido remitida inmediatamente a la corte de distrito y dentro de los diez días siguientes debió haber sido señalada su vista: y en que habiendo sido arrestados el 4 de noviembre de 1924, el tiempo transcurrido hasta su moción de sobreseimiento (5 de agosto de 1925) es tan excesivamente largo que la no celebración del juicio sin justa causa para ello, primeramente en la corte municipal y luego en la de distrito, es una violación de nuestra ley orgánica respecto al derecho de todo acusado de delito a tener un juicio rápido. Se opuso el fiscal del distrito a esa moción alegando entre otras cosas bajo juramento que desde el 11 de junio de 1925 en que fueron radicados los autos de la apelación en la corte de distrito, ésta estuvo ocupada en la celebración de juicios criminales hasta el día 29 de dicho mes y año, y que de ahí hasta el 13 de agosto siguiente, para el que estaba señalado el juicio en apelación, la corte ha estado ocupada en la celebración de asuntos civiles.

En la vista de esa moción, que tuvo lugar el día anterior al señalado para la vista del juicio en apelación, fué presentada como prueba la causa original de este caso, de la que resultan los hechos expuestos al principio, que el fiscal

de distrito había aceptado como ciertos al contestar la moción de sobreseimiento. Esa moción fué declarada sin lugar el 13 de agosto, apareciendo de esa resolución que en 23 de marzo de 1925 los acusados presentaron dos mociones a la corte municipal para el sobreseimiento de la causa, fundada una en no haberse celebrado el juicio dentro en los 120 días siguientes al 4 de noviembre de 1924 en que fueron arrestados; y la otra en no haberse presentado la denuncia dentro de los 60 días siguientes al arresto, sin que conste la resolución que tuvieron. También se hace constar que la corte estuvo ocupada en el tiempo y forma que alegó el fiscal.

▪ Después de esa resolución de la corte de distrito los acusados presentaron en el día del juicio otra moción de sobreseimiento de la causa alegando que habían presentado en la corte municipal solicitud de sobreseimiento fundada en no haber sido presentada la acusación dentro de los sesenta días siguientes al arresto y alegando, además, que el juicio ante la corte de distrito no había sido señalado dentro de los 120 días siguientes al de su apelación. Esa moción fué desestimada por la corte por ser una repetición de las que en aquel día había resuelto.

La última moción de sobreseimiento es ciertamente una reproducción de la que la corte de distrito había decidido y por esto no cometió error la corte inferior al rechazarla.

▪▪ En cuanto a la solicitud de sobreseimiento fundada en que habían transcurrido más de 120 días desde el 26 de marzo de 1925, fecha de la apelación, hasta el 13 de agosto siguiente, que fué el día señalado para la vista del juicio en apelación, resulta que esa apelación no fué radicada en la corte de distrito hasta el 11 de junio, siendo esta fecha y no la de la interposición de la apelación el punto de partida para contar los 120 días dentro de los cuales, según el artículo 448 del Código de Enjuiciamiento Criminal, debe celebrarse el juicio, por ser el único acto equivalente a la presentación de la acusación, como hemos dicho en el caso de *El Pueblo* v. *Mercado*, 27 D.P.R. 568, y por tanto que desde

el 11 de junio al 13 de agosto no habían transcurrido los expresados 120 días. Y si esto no fuera así y se contaran los 120 días desde el 26 de marzo resultaría también que la corte de distrito tuvo una justa causa para no celebrar el juicio antes de la fecha en que tuvo lugar.

██ Con respecto a que la corte de distrito debió sobreseer la causa porque habiendo tenido lugar el arresto de los acusados el 4 de noviembre de 1924 el juicio no tuvo lugar en la corte municipal hasta el día 13 de marzo siguiente, repetiremos lo que dijimos en el caso de *El Pueblo* v. *Rodríguez*, 32 D.P.R. 3, bastante análogo al presente, a saber: "En apelación de una corte municipal el juicio es imperativamente *de novo*. La corte de distrito adquiere jurisdicción únicamente para juzgar el caso *de novo*. No se constituye como corte de revisión y no puede en apelación revisar un incidente del juicio. Por supuesto, si se alegara que la corte municipal carecía de jurisdicción para conocer del caso, una cuestión diferente se presenta." Si los acusados tenían derecho a que la corte municipal sobreseyera su causa pudieron haberlo conseguido mediante procedimiento de *mandamus*, como en el caso de *El Pueblo* v. *Dyer*, 23 D.P.R. 772. Además, ignoramos si la corte municipal tuvo justa causa para no celebrar el juicio dentro de 120 días.

Dicen también los apelantes que su causa ha debido ser sobreseída porque el juicio en la corte de distrito debió ser señalado dentro de los diez días siguientes al recibo de los autos de la apelación de la corte municipal, según el No. 5 del artículo 29 del Código de Enjuiciamiento Criminal. Ese precepto no dispone que el juicio haya de celebrarse dentro de los diez días siguientes al recibo de la apelación sino que dentro de ese término se hará el señalamiento de día para celebrar el juicio, ni tampoco dispone el artículo 448 del Código de Enjuiciamiento Criminal que sea motivo para sobreseer la causa; pero aparte de esto, esa cuestión ha sido decidida en sentido contrario al sobreseimiento en el caso de *El Pueblo* v. *Hernández*, 30 D.P.R. 774.

*Por las razones expuestas la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.