EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BENITO CORSINO, acusado y apelante.

Núm. 7246.—*Sometido:* Diciembre 21, 1938. *Resuelto:* Enero 13, 1939.

*Gustavo Giménez Sicardó,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Benito Corsino fué acusado y convicto por infracción de la Ley núm. 25 de julio de 1935 (Leyes de 1935, (2) pág. 153) por la que se declaran "estorbo público" los juegos conocidos generalmente como "bolita," "bolipool" y las combinaciones clandestinas relacionadas con los *pools* de los hipódromos de Puerto Rico.

La prueba ofrecida por el fiscal para sostener la acusación consistió en 34 papeletas del alegado *pool* clandestino manipulado por el acusado, de las cuales aparecen 202 combinaciones jugadas; y 14 papeletas no jugadas. Estas últimas están formadas por dos hojas exactamente iguales en cuanto a su texto, con la única excepción de que los números correlativos son distintos. Por ejemplo, en una de ellas el original lleva el número 10,324 y el duplicado el núm. 22,324; en otra, el original está numerado 10,399 y el duplicado lleva el número 22,399. Y así en todas las demás, con la particularidad de que en todas ellas los tres últimos numerales en cada original y en su correspondiente duplicado son idénticos. Toda esa prueba y además un telegrama y $2.81 en efectivo, producto de la venta de tickets, fueron ocupados por la policía durante un registro de la casa residencia del acusado, practicado a virtud de orden de allanamiento expedida por el Juez de Paz de Río Grande.

En el presente recurso se señalan como errores de la corte sentenciadora (1) haber admitido como prueba los impresos y efectos ocupados en casa del acusado; haber declarado sin lugar la moción para la absolución perentoria del acusado; y (3) haber apreciado erróneamente la prueba de descargo y llegado a conclusiones contrarias a la prueba.

La objeción del acusado a la admisión de la prueba documental se basó en que la orden de allanamiento no había sido devuelta, por el policía que practicó el registro, al funcionario judicial que la expidió, de acuerdo con lo dispuesto por el Artículo 515 del Código de Enjuiciamiento Cri-

minal. De la transcripción de evidencia ante•nos aparece solamente la objeción formulada por el acusado y la resolución de la corte inferior denegando la moción de eliminación de la evidencia. El acusado apelante no ha hecho constar en el récord el contenido de la orden de allanamiento, ni tampoco el diligenciamiento de la misma. No estamos, por consiguiente, en condiciones para poder determinar si se faltó en manera alguna a lo dispuesto en el citado precepto legal.

 No erró la corte inferior al declarar sin lugar la moción para la absolución perentoria del acusado. La prueba aducida por El Pueblo era a nuestro juicio suficiente para sostener las alegaciones de la acusación.

 No encontramos que en la apreciación de la evidencia ni en la resolución de los conflictos surgentes de la prueba de una y otra parte se haya cometido un error manifiesto, ni tampoco que el juez sentenciador haya actuado en manera alguna bajo la influencia de la pasión, del prejuicio o de la parcialidad. Es nuestro deber respetar su fallo y como consecuencia *confirmar la sentencia recurrida.*

El Juez Presidente Sr. Del Toro no intervino.