Luis Miray, peticionario y apelante, *v.* Eulogio Mercado, Alcaide de la Cárcel Municipal de Vieques, P. R., demandado y apelado.

Núm. 7833.—*Sometido:* Marzo 29, 1939. *Resuelto:* Junio 14, 1939.

*F. González Fagundo* y *J. Rivera Pérez,* abogados del peticionario; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Luis Miray radicó una petición de hábeas corpus ante la Corte de Distrito de Humacao. Sucede que la Corte Municipal de Fajardo celebró sesión en la isla de Vieques y que el peticionario fué allí juzgado y convicto de un delito. La petición enmendada de hábeas corpus en este caso aducía varias razones para demostrar por qué la sentencia de la Corte Municipal de Fajardo estaba equivocada. El fiscal de este tribunal hace en su alegato un resumen de estas varias razones.

En marzo 5, 1937, o allá para esa época, cuando el Juez González Fagundo, quien en ausencia del juez propietario Arjona Siaca, fué designado como juez sustituto de la Corte de Distrito de Humacao, se inhibió en el caso, el Lic. Jesús A. González fué nombrado para ver este recurso. Con motivo de su nombramiento no solamente juzgó el caso de Luis Miray, sino también las peticiones de otros acusados a quienes se imputaba el mismo delito que al peticionario en este caso. El juez especial designado declaró sin lugar ésta y todas las demás peticiones de hábeas corpus. En el presente caso se apeló para ante este tribunal.

El apelante señala en su alegato varios errores. Posteriormente atacó el derecho del abogado Jesús A. González a juzgar este caso por falta de jurisdicción. El fiscal se allana a que este caso cae de plano dentro de la decisión de la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito en el caso de *Annoni* v. *Nadal's Heirs,* 94 F. (2d) 513. En dicho caso se resolvió que el Código de Enjuiciamiento Civil de Puerto Rico no contenía ninguna disposición que, en ausencia del juez propietario, justificara el nombramiento de otro juez para determinado caso, sino que por el contrario había que trasladar la causa a otro

distrito. Dicho caso resolvió igualmente que no podía haber cuestión alguna sobre el derecho de un juez defacto a actuar en lugar ·del juez propietario, cuando ninguna otra persona podía intervenir en dicha jurisdicción en un caso específico. El fiscal de esta corte sugiere que el caso sea revocado y devuelto para ulteriores procedimientos en la Corte de Distrito de Humacao bajo el mismo recurso de hábeas corpus.

■ Además, el apelante ha presentado una llamada segunda cuestión jurisdiccional nueva. Insiste en que el acusado fué juzgado en la Corte Municipal de Fajardo sin estar asistido de abogado. Esto quizá es cierto, mas no creemos que tenemos ante nos un récord suficiente que justifique a este tribunal decidir si este caso cae dentro de la decisión de *Johnson* v. *Zerbst,* 304 U. S. 458, y de los casos resueltos por nosotros de conformidad con el mismo, o si el acusado posiblemente no renunció su derecho a estar asistido por letrado.

*Estamos plenamente convencidos de que el mejor procedimiento sería devolver el caso a la Corte de Distrito de Humacao para ulteriores procedimientos no inconsistentes con esta opinión.*