Epifanio Rodríguez, peticionario, *v.* Corte de Distrito de Humacao, Hon. Luis Janer, Juez, demandada.

Núm. 1260.—*Sometido:* Noviembre 17, 1941. *Resuelto:* Enero 13, 1942.

*Juan Nevares Santiago,* abogado del peticionario; el juez demandado compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El peticionario apeló para ante la Corte de Distrito de Humacao de la sentencia a un año de cárcel impuéstale por

la Corte Municipal de Fajardo, por un delito de acometimiento y agresión grave. En el acto de la vista ante la corte de distrito, el peticionario solicitó la anulación de la sentencia recurrida por el fundamento de "que había sido condenado en la corte municipal sin haber estado asistido de abogado, y sin haber hecho renuncia inteligente a ese derecho." Alega el peticionario que el juez de la corte inferior se negó a admitir la prueba ofrecida en apoyo de la moción de nulidad y declaró ésta sin lugar, sosteniendo que la apelación no era el remedio adecuado para solicitar la nulidad de la sentencia impuesta al peticionario y que éste debió haber recurrido al procedimiento de hábeas corpus o al de *certiorari* para que la corte pudiera oírle sobre su contención. Pedida y denegada la reconsideración, el peticionario radicó ante esta Corte Suprema una solicitud de certiorari, en la que alega que la resolución dictada por la corte inferior es errónea por los siguientes motivos:

"*Primero.*—Porque la planteada ante la Corte de Distrito de Humacao fué una cuestión de jurisdicción, ya que si la Corte Municipal de Fajardo careció de jurisdicción para dictar la sentencia apelada, la Corte de Distrito de Humacao asimismo carecía de jurisdicción para ventilar el caso del peticionario.

"*Segundo.*—Porque las cuestiones jurisdiccionales se pueden levantar en apelación en cualquier momento.

"*Tercero.*—Porque convenía a los fines de justicia, y era imperativo, que la Honorable Corte de Distrito de Humacao investigara los méritos de la solicitud del peticionario a los efectos de determinar si el derecho constitucional de asistencia de abogado le había sido o no garantizado por la corte sentenciadora, y la negativa del honorable juez demandado a escuchar prueba sobre tal extremo constituye una negación del derecho que tiene el peticionario a la asistencia de abogado en juicio.

"*Cuarto.*—Porque las cortes de distrito adquieren jurisdicción en casos menos graves de dos maneras: (1) por radicación original, y (2) por apelación de las cortes inferiores, y el presente caso es uno en que la corte de distrito adquirió jurisdicción por apelación, y en tal virtud la corte de distrito tenía y tiene facultad para investigar si había adquirido jurisdicción en el caso apelado, y al dejar de así

hacerlo, adquirió indebida jurisdicción en el caso del peticionario, ya que siendo nula la sentencia de la corte municipal sigue la presunción de que tal sentencia era inexistente, y por consiguiente la corte de distrito nunca pudo adquirir jurisdicción en un caso que por ficción legal no existía ante ella.''

El juez recurrido ha radicado un informe en el que solicita se anule el auto expedido, por las siguientes razones:

(a) Porque tanto de la denuncia originaria como de la sentencia de la corte municipal surge que al acusado se le advirtió del derecho que tenía a estar representado por abogado, derecho que renunció.

(b) Que el derecho a estar asistido por abogado es renunciable, a menos que surja de los autos que la renuncia no fué hecha inteligentemente.

(c) Que estando asistido el acusado por un abogado ante la corte de distrito, sus derechos constitucionales quedaron perfectamente garantizados en igual forma que si hubiese estado asistido por abogado ante la corte municipal.

(d) Que los autos de la corte municipal, los que tuvo ante sí la corte de distrito al considerar y decidir la moción del acusado, no constituían un récord suficiente para que dicha corte pudiese decidir si el caso cae dentro de la decisión de *Johnson* v. *Zerbst,* 304 U. S. 458.

(e) Que el error de que se queja el peticionario, si fué en realidad cometido, quedó subsanado por la apelación radicada ante la corte de distrito, en la que el acusado estuvo representado por abogado para la celebración del juicio *de novo.*

De los autos de la corte municipal, que tenemos a la vista, y al pie de la denuncia, aparece la siguiente nota: ''Advertido del derecho a tener abogado para su defensa, renunció al mismo e hizo alegación de culpable. 1 año de cárcel.'' La sentencia dictada contra el acusado lee así:

''SENTENCIA.—En Fajardo, P. R., a 3 de junio de 1941, ante esta corte compareció el acusado Epifanio Rodríguez García personal-

mente y después de haberle leído la denuncia y haber renunciado al derecho de ser representado por abogado, hizo la alegación de culpabilidad. Vista la declaración de culpabilidad, la corte declara culpable al acusado, etc.''

En el caso de *El Pueblo* v. *Rodríguez*, 32 D.P.R. 3, al comenzar el juicio de novo ante la corte de distrito el acusado apelante presentó un *affidavit* en el que alegaba que el juicio ante la corte municipal no fué celebrado hasta después de haber expirado el término de 120 días fijado por el artículo 448 del Código de Enjuiciamiento Criminal, y que el acusado había solicitado de la corte municipal el sobreseimiento y archivo del proceso. Basándose exclusivamente en lo alegado en dicho affidavit, el acusado pidió a la corte de distrito el sobreseimiento del caso, y al serle denegado apeló para ante esta Corte Suprema. Al confirmar la sentencia, el tribunal se expresó así:

''. . . . En el presente caso cualesquiera derechos que el apelante pueda haber tenido para la revisión de los procedimientos de la corte municipal por virtud de *mandamus*, hábeas corpus o cualquier otro método,-en la Corte de Distrito de Humacao, es el hecho que después de haber sido desestimada su moción de sobrescimiento se sometió a juicio, fué declarado culpable y entonces apeló. Surge, por tanto, la cuestión de si en apelación a la corte de distrito esta corte está autorizada por virtud de la apelación para revisar los procedimientos habidos en la corte municipal.

''En apelación de una corte municipal el juicio es imperativamente *de novo*. La corte de distrito adquiere jurisdicción únicamente para juzgar el caso *de novo*. No se constituye como corte de revisión y no puede en apelación revisar un incidente del juicio. *Por supuesto, si se alegara que la corte municipal carecía de jurisdicción para conocer del caso una cuestión diferente se presenta.''* (Itálicas nuestras.)

En el caso de autos, la cuestión que se levanta es precisamente la de que la corte municipal que dictó la sentencia recurrida carecía de jurisdicción para dictarla, y que en consecuencia la corte de distrito no había adquirido jurisdicción para poder conocer de la apelación.

Es indiscutible que si la Corte Municipal de Fajardo procedió a conocer del caso y declaró culpable al acusado, sin advertirle de su derecho constitucional a estar asistido por un abogado y sin nombrarle un abogado defensor en el caso de que el acusado no pudiese obtenerlo, la sentencia impuesta al acusado es nula por falta de jurisdicción, a menos que se estableciese que el acusado renunció competente e inteligentemente tal derecho. *Ex parte Hernández Laureano*, 54 D.P.R. 416, 423; *Ex parte Oropesa*, 55 D.P.R. 281; *Ex parte Resto*, 55 D.P.R. 725; *Johnson* v. *Zerbst*, 304 U. S. 458, 468.

En el caso de *Miray* v. *Mercado*, 55 D.P.R. 127, citado por el juez recurrido, la misma cuestión jurisdiccional envuelta en el caso de autos fué presentada por primera vez ante esta Corte Suprema. Y resolvimos, que no teniendo ante nos un récord suficiente que justificara al tribunal decidir si el caso caía dentro de la decisión de *Johnson* v. *Zerbst, o si el acusado posiblemente no renunció su derecho a estar asistido por letrado,* procedía devolver el caso a la corte de distrito para ulteriores procedimientos, y así lo hicimos.

■ Es un principio elemental del derecho procesal que la excepción de falta de jurisdicción puede ser presentada en cualquier momento durante el proceso y aun durante la apelación. En el presente caso, como hemos visto, se presentó ante la corte de distrito al ser llamado para la celebración de un juicio de novo.

■ De acuerdo con el récord taquigráfico elevado a esta corte como parte del *return,* la cuestión fué presentada así:

"Lic. Nevares.

"Sr. Juez, en este caso nosotros vamos a plantear una cuestión de derecho, la de falta de asistencia de abogado en la corte inferior.

"Sr. Juez:

La corte va a declarar esa cuestión sin lugar, no obstante haberse resuelto por el compañero Massari la misma cuestión con lugar en otros casos en que él entendió, y con todo el respeto que nos merece, este juez entiende, en primer lugar, que esta corte no tendría nin-

guna facultad en ley para devolver estos autos a la corte municipal y decirle que celebre un nuevo juicio; y en segundo lugar, que en los casos criminales que proceden de las cortes municipales a las cortes de distrito, lo que procede es celebrarse un juicio *de novo,* en el cual el acusado puede presentar nueva prueba y repetir todo lo que se celebró en la corte inferior, y a los efectos de esa apelación, se ha resuelto, por jurisprudencia sentada por el Tribunal Supremo, que solamente debe tomarse en consideración en las cortes de distrito la denuncia original, en todo lo demás, las cortes de distrito no pueden intervenir. Para poder intervenir en este caso de si el acusado tuvo o no asistencia legal en la corte municipal, la corte tendría que oír a las partes, ver la prueba y tendría entonces que abrir el caso de nuevo y ver la prueba. Y la corte entiende que, si ése es el deseo del acusado, puede obtenerlo mediante el procedimiento de hábeas corpus o el recurso de certiorari, pero cuando un caso se apela de la corte municipal a la corte de distrito, no procede otra cosa que oír la prueba como si fuera un caso *de novo,* como en efecto lo es.

"Lic. Nevares:

"Solicitamos la reconsideración a la resolución de la corte, porque si bien es verdad que un caso que viene en apelación a la corte de distrito es un caso *de novo,* el caso tendría que verse primeramente en la corte municipal y si la corte municipal no tuvo jurisdicción la corte de distrito tampoco la tendría.

"Sr. Juez:

"En un procedimiento de apelación no podría declararse con lugar esa cuestión de derecho; eso podría ser mediante un procedimiento de hábeas corpus o certiorari.

"Lic. Nevares:

"Ya eso fué resuelto en el caso de John A. Johnson v. Fred C. Zerbst, que es el que ha dado origen a todo esto. . . ."

" * * * * * * *

"Sr. Juez:

"Si ante esta corte una parte trae un hábeas corpus y quizás un mismo certiorari atacando ese procedimiento, entonces estaría bien, se ve el caso y se resolvería en esa forma, pero en un recurso de apelación de una corte municipal a la corte de distrito no cabría la cuestión."

Es regla bien sentada la de que cuando la corte inferior no ha adquirido jurisdicción sobre la cuestión litigiosa, una apelación no puede conferir jurisdicción alguna a la corte

de apelación, aun cuando el juicio que allí haya de celebrarse sea de novo y la corte hubiera podido adquirir jurisdicción original sobre la cuestión en controversia. 2 Am. Jur., Appeal & Error, sec. 11, pág. 851; *Myers* v. *Gibson,* 152 Ind. 500, 53 N. E. 646; *Steinmetz* v. *G. H. Hammond Co.,* 167 Ind. 153, 78 N. E. 628; and *Jay* v. *O'Donnell,* 178 Ind. 282, 98 N. E. 349.

 Es cierto que existe la presunción legal de que los procedimientos ante la corte municipal se ajustaron a la ley y que el récord, según lo hemos hecho constar, tiende a demostrar que el acusado fué advertido de su derecho a estar asistido por un abogado y que renunció ese derecho. Pero es cierto también que durante todo el procedimiento, que culminó en la imposición de la pena de un año de reclusión, el acusado no tuvo la asistencia y consejo de un abogado, y que del récord no se desprende que el acusado renunciara su derecho no sólo libre y voluntariamente si que también inteligente y competentemente. *Ex parte Resto,* supra; *Powell* v. *Alabama,* 287 U. S. 45, 77 L. Ed. 158; *Ex Parte Barnett,* 94 P. (2d) 18.

En el caso de autos, el acusado presentó oportunamente la cuestión sobre la falta de jurisdicción de la corte de distrito para conocer del caso y solicitó se le concediese una oportunidad para demostrar que la alegada renuncia de su derecho constitucional no había sido una renuncia voluntaria y hecha inteligente y competentemente. Esa oportunidad le fué negada de plano por la corte inferior, por entender que la cuestión presentada era una cuestión colateral que sólo podría ser considerada o resuelta dentro de un recurso de hábeas corpus o certiorari. Del récord taquigráfico del procedimiento seguido ante la corte de distrito, no aparece que la resolución de dicha corte se basara en las constancias (supra) de los autos de la corte municipal. La resolución denegatoria se basó en que la corte de distrito, a su juicio, sólo tiene facultad para celebrar un nuevo juicio y no para

devolver el caso a la corte municipal, lo cual podía hacer solamente dentro de un procedimiento de hábeas corpus o certiorari.

El error cometido por la corte inferior es evidente y fundamental. Presentada como lo fué la excepción de su falta de jurisdicción para conocer del proceso elevado ante ella en apelación de la corte municipal, la corte inferior tenía el deber de considerar y resolver la cuestión jurisdiccional planteada, dando una oportunidad al acusado promotor de presentar evidencia tendiente a substanciar su alegación de que la corte municipal sentenciadora había actuado sin jurisdicción cuando dictó la sentencia recurrida. La presunción de legalidad que lleva consigo dicha sentencia es una presunción controvertible mediante evidencia demostrativa de que la corte sentenciadora no ajustó sus procedimientos a los requisitos de la jurisprudencia que hemos citado. Si la sentencia dictada por la corte municipal fuere nula, por no haber tenido ésta jurisdicción para actuar en el proceso en que fué dictada, la corte de distrito tampoco tendría jurisdicción para conocer del caso en apelación y celebrar un juicio de novo, pues siendo nula la sentencia original, por falta de jurisdicción, de esa sentencia no puede surgir el efecto legal de conferir jurisdicción a la corte de distrito para conocer del caso en apelación.

Opinamos que *lo que procede es dejar sin efecto la resolución recurrida y devolver el caso a la corte de distrito* para que ésta proceda a oír la evidencia que el peticionario pueda ofrecer y que fuére legalmente admisible, para demostrar que él no hizo una renuncia voluntaria, inteligente y competente de su derecho a estar representado por abogado, o que la corte sentenciadora no le advirtió de su derecho a tener asistencia de abogado. Si de la evidencia presentada por ambas partes resultase, a juicio de la corte de distrito, que la corte sentenciadora actuó sin jurisdicción al condenar al acusado, la corte de distrito deberá resolver que ella carece de jurisdicción para celebrar el juicio de novo. Si, por el contrario,

resultase probado a su satisfacción que el alegado derecho constitucional del peticionario no ha sido infringido, en ese caso podrá proceder a celebrar el juicio de novo.

El Juez Asociado Sr. Todd, Jr., no intervino.