EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MAGDALENO TRAVIESO, acusado y apelante.

Núm. 9347.—*Sometido:* Mayo 26, 1942. *Resuelto:* Junio 9, 1942.

*J. Nevares Santiago,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

De la transcripción de autos constan los siguientes hechos:

En septiembre 25, 1939 el fiscal radicó acusación contra el apelante por un delito de atentado contra la vida. Señalada para el 9 de octubre del mismo año la lectura de la acusación, compareció el acusado asistido de su abogado, hizo alegación de "no culpable" y solicitó juicio por jurado.

En enero 14, 1942, el acusado radicó una moción para el archivo y sobreseimiento del caso, alegando que la corte no adquirió jurisdicción sobre la persona del acusado, por no haber éste tenido asistencia de abogado desde el momento en que fué arrestado y haber iniciado la investigación del caso el magistrado investigador.

Por considerar que la cuestión jurisdiccional planteada era de extraordinaria importancia, la Corte de Distrito de Humacao se constituyó "in bank" y declaró sin lugar la excepción de falta de jurisdicción, procediendo a celebrar el juicio. Declarado culpable de acometimiento y agresión grave, el acusado fué condenado a tres meses de prisión. Y no estando conforme, interpuso el presente recurso, basándolo en la simple alegación de que durante la "etapa inicial

del proceso'' o sea ''durante el examen preliminar'', el acusado fué privado de su derecho a estar representado por abogado, derecho que no fué renunciado por él. Y cita en apoyo de su contención el caso de *Pueblo* v. *Rivera,* 9 D.P.R. 403, en el que se resolvió que el proceso criminal contra un acusado comienza desde el momento en que se practica su arresto y se le encarcela o se le pone en libertad bajo fianza. Véase: *Pueblo* v. *Capestany,* 37 D.P.R. 586, 595.

El apelante no nos ha colocado en condiciones de que podamos determinar cuándo comenzó el proceso en su contra. Del récord ante nos no aparece la fecha en que se practicó el arresto del acusado. Sí aparece que éste, después de ser arrestado, prestó fianza para poder permanecer en libertad; y que compareció al acto del *arraignment* acompañado de abogado. Tampoco existe constancia alguna de que se celebrara un examen preliminar, durante el cual el acusado, según se alega, se viera privado de su derecho a estar representado por abogado. Estas deficiencias son por sí solas suficientes para que desestimemos el recurso. *Pueblo* v. *Otero,* 48 D.P.R. 1016; *Pueblo* v. *Lafont,* 54 D.P.R. 368; *Pueblo* v. *Mediavilla,* 54 D.P.R. 565; *Pueblo* v. *Corsino,* 54 D.P.R. 49.

El apelante basa su alegado derecho a estar asistido de abogado desde el momento de su arresto y durante el examen preliminar, en la interpretación que a su juicio debe darse a la decisión del Tribunal Supremo Federal en *Johnson* v. *Zerbst,* 304 U. S. 458 y las decisiones de esta Corte Suprema en *Ex parte Hernández Laureano,* 54 D.P.R. 416; *Ex parte Resto,* 55 D.P.R. 725; y *Rodríguez* v. *Corte,* 59 D.P.R. 652. No vamos a hacer un examen detenido de las citadas decisiones. Basta decir que en ellas se sostiene que todo acusado tiene el derecho constitucional de estar representado por abogado para su defensa; que ese derecho puede ser renunciado, pero la renuncia debe ser hecha en forma tal que revele que el acusado conocía su derecho y lo renunció competente e inteligentemente; que es el deber de la corte

ante la cual ha de celebrarse el juicio, advertir al acusado de su derecho a estar asistido de abogado, debiendo además, en el caso de que el acusado carezca de medios para emplear un abogado, nombrarle uno para que le asista en el acto del *arraignment* y le defienda durante el juicio; y, por último, que cuando la corte sentenciadora ha celebrado la vista y sentenciado al acusado, sin cumplir estrictamente con dichos requisitos constitucionales, la sentencia impuesta es nula por falta de jurisdicción.

Nuestra decisión en *Ex parte Resto,* supra, no tiene el alcance que pretende darle el apelante. La petición de hábeas corpus radicada por Resto se basó en que "en ningún momento desde su arresto hasta su encarcelación el peticionario tuvo la asistencia de un abogado defensor y la corte en ningún momento le ofreció ni le nombró defensor . . . ni le instruyó en cuanto al derecho que tenía a estar representado por abogado". La decisión de esta Corte se basó en que del Libro de Minutas de la corte sentenciadora no apareció "que en momento alguno durante el *arraignment* y sentencia del acusado éste estuviese representado por o asistido de un abogado defensor".

La regla sentada por nuestra decisión en *Ex parte Resto,* basada en lo resuelto en *Powell* v. *Alabama,* 287 U. S. 45, 77 L. Ed: 158, es que cuando se cita a un acusado para oír la acusación, antes de proceder a su lectura la corte debe informar al acusado de su derecho a estar representado por un abogado y preguntarle si tiene abogado, si puede conseguir uno para que le defienda o si desea que la corte se lo designe. Mientras no se haya cumplido con este requisito, la corte no está debidamente constituída y carece por tanto de jurisdicción para requerir al acusado para que conteste o excepcione la acusación, a menos que del récord del caso aparezca que el acusado voluntaria e inteligentemente renunciara su derecho a la asistencia de abogado. La cuestión en cuanto al derecho que pueda tener un acusado a estar asis-

tido de abogado durante el período de tiempo comprendido entre la fecha de su arresto y la del *arraignment,* no fué considerada ni resuelta en *Ex parte Resto* ni en ninguna otra decisión de este tribunal y es por tanto nueva en esta jurisdicción.

En apoyo de su contención, el apelante cita el artículo 858 del Código Penal de California, la decisión de la Corte Suprema de dicho Estado en *People* v. *Napthaly,* 105 Cal. 641, y el artículo 11 de nuestro Código de Enjuiciamiento Criminal.

El citado artículo 858 del Código Penal de California provee que cuando una persona es arrestada y llevada ante un magistrado, bajo acusación de haber cometido un delito público, el magistrado debe informarle en el acto de la acusación que se le ha formulado y de su derecho a estar asistido por abogado. El artículo 859 del mismo Código dispone que el magistrado debe conceder al acusado un tiempo razonable para conseguir un abogado, posponiendo la investigación para ese propósito.

De acuerdo con la Sección 8 del artículo I de la Constitución de California, los delitos públicos se persiguen y castigan mediante acusación (*information*) radicada por el fiscal después de examen y orden de prisión dictada por un magistrado.

En *People* v. *Napthaly,* supra, se presentó una acusación contra Napthaly imputándole el delito de haber ayudado a un preso a fugarse del penal. Después de haberle sido leída la acusación *y antes de formular alegación alguna,* el acusado solicitó la desestimación de la acusación por los motivos: (*a*) que del récord del magistrado aparecía que en el examen preliminar ante él mismo celebrado, el acusado no había estado asistido de abogado; (*b*) que el magistrado se había negado a suspender la investigación para que el acusado pudiese conseguir abogado; y (*c*) que el magistrado no informó al acusado de su derecho a la asistencia de abogado. Dene-

gada la moción y apelado el caso a la Corte Suprema, ésta revocó la sentencia, diciendo:

"Se observará que, bajo esta disposición de nuestra Constitución, un delito puede ser perseguido mediante acusación (information) solamente después de un examen y orden de prisión dictada por un magistrado.

". . . La necesidad de tal examen y orden de prisión fué reconocida y sostenida en *People* v. *Wilson*, 93 Cal. 377, y en *Ex parte Baker*, 88 Cal. 84.

"Un examen en el que se privó al acusado del derecho garantizádole tanto por la Constitución como por el estatuto, de ser defendido por abogado, no era en ningún sentido un examen legal.

"Fué una sencilla y palpable violación de un derecho fundamental del acusado que hizo que su detención se convirtiera en ilegal."

Ni la Ley Orgánica de Puerto Rico ni nuestro Código de Enjuiciamiento Criminal contienen disposición alguna que requiera como requisito para la validez de una acusación, que ésta sea radicada por el fiscal después de haberse practicado un examen preliminar y librado orden de prisión por un magistrado o juez instructor.

De acuerdo con el artículo 3 del Código de Enjuiciamiento Criminal, cuando se trata de un delito, como el del caso de autos, del cual tiene jurisdicción original la corte de distrito, el proceso deberá iniciarse "en virtud de acusación presentada por el fiscal en sala de justicia y confirmada con su declaración jurada que será suficiente si en ella se expresa que la acusación se funda en las declaraciones de testigos juramentados por él o las declaraciones de testigos examinados ante un juez instructor."

■ La jurisprudencia que hemos examinado sostiene que al dejar de presentar una moción, antes del o en el acto del *arraignment*, para que se desestime la acusación por el fundamento de no habérsele concedido un examen preliminar, el acusado renuncia a esa objeción. *Ex parte McConnell*, 83, Cal. 558; *People* v. *Ronsee*, 26 Cal. App. 100, 146 P. 65; *People* v. *Ramey*, 27 P. (2d) 941; *People* v. *Walsh*, 243 P.

536

31, 32; *People* v. *Salas,* 250 P. 526; y *State* v. *Norman,* 52 P. 986.

También renuncia el acusado a la objeción de no haberse celebrado un examen preliminar, cuando al ser arrestado presta fianza para comparecer ante la Corte de Distrito a oír la acusación que había de formularle el fiscal. *Nowak* v. *Waller,* 56 Hun (N. Y.) 647, 10 N. Y. Supp. 199, confirmado 132 N. Y. 590, 30 N. E. 868.

*Por las razones expuestas se confirma la sentencia recurrida.*